**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0881n.06
Filed: December 27, 2007

No. 06-2588

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **DAVID L. DENMAN**, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **DAVEY TREE EXPERT CO.**, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:   CLAY, SUTTON, McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.**   Plaintiff-appellant, David Denman, suffers from bipolar disorder.  After Denman missed a significant amount of work and, upon his return, provided materials to his supervisor relating to bipolar disorder and disability laws, his employer, The Davey Tree Expert Company ("Davey Tree"), requested that Denman provide medical information and submit to an independent medical examination ("IME").  Davey Tree believed Denman was requesting an accommodation under the Americans with Disabilities Act ("ADA").  When Denman failed to provide the medical information or submit to an IME after several requests, Davey Tree terminated him.  Denman filed suit in district court alleging violations of the ADA and the Family and Medical Leave Act ("FMLA").  Denman alleged Davey Tree violated the law by terminating him for asserting his rights under both Acts.  The district court granted Davey Tree's motion for summary

judgment, finding that Denman had not established a genuine issue of material fact as to whether he requested an accommodation upon returning to work. Therefore, Davey Tree's request first for medical information, and later an IME, were held not to have been shown to be unjustified and discriminatory. On appeal, Denman argues he did not request an accommodation, and therefore the district court erred by granting summary judgment in favor of Davey Tree. Upon review of the record and the applicable law, we affirm.

## BACKGROUND

Davey Tree performs tree, shrub and lawn care services for utilities, businesses, and home owners throughout the country. In Michigan, Davey Tree performs many services, including tree and shrub maintenance along Consumers Energy's utility lines. Davey Tree first hired Denman in August 2000. In October 2001, Davey Tree terminated Denman for failing to report to work for two weeks. Nonetheless, Davey Tree rehired Denman as a B-Foreman in the utilities division in April 2002. By August 2004, Denman had been promoted to A-Foreman. As an A-Foreman, Denman typically worked with one or two other employees removing trees along power lines, driving a skidder, climbing trees, using chainsaws and chippers, and sharpening chains, files and other tools to remove unwanted trees.

In 2004, Denman did not report to work from August 2-18. On August 19, he returned to work and provided his supervisor, Scott Currie, with information regarding bipolar disorder, the ADA, and the FMLA. Currie and Denman had previously discussed his bipolar disorder. Shortly after Denman provided the information to Currie, Currie forwarded the information to Jack

Bloomfield, the North Central regional manager for Davey Tree. Bloomfield had no prior knowledge of Denman's disorder.

On August 25, 2004, Bloomfield met with Denman and Currie to discuss the information Denman had submitted. At that meeting, Bloomfield requested that Denman provide documentation from a physician stating he was bipolar and that he could safely perform the duties of a foreman. Denman was placed on unpaid leave until he provided the documentation.

Denman never provided medical documentation regarding his disorder nor did he submit to an IME. Instead, a letter writing campaign ensued between Denman's counsel and Davey Tree regarding the matter, which ended on October 12, 2004, when Davey Tree advised Denman that it considered him to have abandoned his job.

On October 31, 2005, Denman filed this suit in the Eastern District of Michigan claiming violations of the ADA and the FMLA. Denman claims Davey Tree violated the ADA by terminating him in "retaliation for [his] assertion of his rights for medical leave under the Americans with Disabilities Act" and "discriminated against Plaintiff Denman by terminating Plaintiff Denman for asserting his rights [to medical leave] under the Family and Medical Leave Act." J.A. 11-12.

On October 2, 2006, the district court granted summary judgment for Davey Tree and dismissed Denman's complaint with prejudice. Denman filed a timely notice of appeal.[1]

**ANALYSIS**

---

[1]We note that no FMLA issue is raised on appeal and therefore is considered abandoned. Hence, the analysis that follows is limited to Denman's ADA claim.

- 3 -

"Grants of summary judgment are reviewed de novo." *Connection Distribution Co. v. Keisler*, __F.3d __, 2007 WL 3070970, *4 (6th Cir. 2007). Summary judgment should be granted "if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations and quotation marks omitted).

Under the ADA, "qualified individuals with a disability" are protected from discrimination based on their disability. 42 U.S.C. § 12112(a). Prohibited discrimination includes certain medical examinations and inquiries. 42 U.S.C. § 12112(d)(1). Once an employee has been hired, the ADA provides that "[a] covered entity shall not require a medical examination . . . unless such examination or inquiry is shown to be job related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). As this court has explained:

> The statute clearly permits medical examinations, but only in certain limited circumstances. The focus is on the nature of job relatedness and what constitutes a business necessity. The interpretative guidelines to the ADA explain that the statute was intended to prevent against "medical tests and inquiries that do not serve a legitimate business purpose." 29 C.F.R. § 1630.13(b) App. (1996).

*E.E.O.C. v. Prevo's Family Market, Inc.*, 135 F.3d 1089, 1094 (6th Cir. 1998).

An employer's request for a medical examination is job-related and consistent with business necessity when: (1) the employee requests an accommodation; (2) the employee's ability to perform the essential functions of the job is impaired; or (3) the employee poses a direct threat to himself or

- 4 -

others. *See Kennedy v. Superior Printing Co.*, 215 F.3d 650, 656 (6th Cir. 2000) ("The ADA 'permits employers . . . to make inquiries or require medical examinations necessary to the reasonable accommodation process . . . .'" (quoting 29 C.F.R. § 1630.14(c))); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 812 (6th Cir. 1999) (stating "health problems that significantly affect an employee's performance of essential job functions justify ordering a physical examination"); *Prevo's Family Market*, 135 F.3d at 1095 ("'[t]he determination that an individual poses a "direct threat" . . . shall be based on a reasonable medical judgment'" (quoting 29 C.F.R. § 1630.2(r))). *See also* Equal Employment Opportunity Commission, Enforcement Guidance: Disability Related Inquiries and Medical Examinations of Employees under the Americans with Disabilities Act, 2 EEOC Compl. Man. (CCH) P6910 (2000), *available at* http://www.eeoc.gov/policy/docs/guidance-inquiries.html (last visited Dec. 6, 2007).

The district court granted summary judgment in favor of Davey Tree based on the first reason, namely, Denman's request for an accommodation. However, the record supports a grant of summary judgment in favor of Davey Tree on a different ground, and therefore we decline to reach the issue of whether there exists a genuine issue of material fact with respect to Denman's request for an accommodation. Indeed, even if the district court erred in concluding that Denman requested an accommodation, the record nonetheless supports the award of summary judgment to Davey Tree on an alternative ground, namely, impairment of the essential functions of his job. *See Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 677 (6th Cir. 2005) (stating that an appellate court "of course may affirm on a ground not relied on by the district court"); *see also Carver v. Dennis*, 104 F.3d 847 (6th Cir. 1997) (An appellate court can affirm on other grounds so long as the

opposing party is not denied an opportunity to respond even when a district court has relied on an erroneous basis to grant a party summary judgment.).

Here, Davey Tree argues that it had a reasonable belief that Denman's ability to perform the essential functions of his job might have been impaired by his medical condition. "[F]or an employer's request for an exam to be upheld, there must be significant evidence that could cause a reasonable person to inquire as to whether an employee is still capable of performing his job." *Sullivan*, 197 F.3d at 811. Moreover, "any examination ordered by the employer must be restricted to discovering whether the employee can continue to fulfill the essential functions of the job." *Id.* at 812.

Denman attempts to refute Davey Tree's asserted belief that his performance of essential job functions was impaired by relying on his supervisor's statement that his job performance was "excellent." J.A. 150. However, Denman's argument is misplaced inasmuch as he focuses solely upon his job performance, which all agree was good. Job performance is separate from the ability to show up for work, an essential function of his position.

"A job function is essential if its removal would fundamentally alter the position." *Kiphart v. Saturn Corp.*, 251 F.3d 573, 584 (6th Cir. 2001) (quotations marks and citations omitted). The inability to attend work can "fundamentally alter" a position which requires attendance to perform tasks. *Brenneman v. Medcentral Health Sys.*, 366 F.3d 412 (6th Cir. 2004) (attendance can be an essential function of a position and excessive absenteeism rendered an employee unqualified for position); *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998) (employee who

cannot meet the attendance requirements of the job cannot be a "qualified" individual protected by the ADA).

Attendance was an essential function of Denman's job as an A-Foreman at Davey Tree. Davey Tree's leave of absence policy makes clear that proper attendance is necessary for all Davey Tree's employees. J.A. 185 ("The availability to work the normal workday is a condition of employment and good attendance is a job requirement that all . . . employees are expected to meet.") Denman missed work from August 2-18. Upon his return to work, he provided Davey Tree information about bipolar disorder. It was therefore reasonable for Davey Tree to believe that Denman's bipolar disorder could affect his ability to perform the essential functions of his job, since it had just caused him to miss work. Indeed, the company had discharged Denman once before for failing to show up for work. *See* J.A. 150-51, 169. Moreover, Davey Tree's requests for medical information and later an IME were directly related and limited to Denman's ability to perform his essential job functions, evidenced by Davey Tree's providing Denman a copy of his job description at the August 25 meeting to give to his health care provider to confirm that he could continue to work in his present position.

## CONCLUSION

Leaving unresolved the question whether Denman had made a request for an accommodation,[2] it is clear on the present record that Davey Tree's requests for medical information and later an IME were job related and consistent with business necessity. It is therefore apparent that

---

[2]Based on our holding here, we also decline to reach the question of whether Denman's condition, in the context of his dangerous job, posed a direct threat to himself or others such that Davey Tree's request for medical information or an IME would have been justified on that ground alone.

Denman failed to adduce evidence sufficient to create a genuine issue of material fact and that summary judgment for Davey Tree was proper. Accordingly, we AFFIRM the district court's grant of summary judgment for Davey Tree.