[Cite as *Hall v. Crawford Cty. Job & Family Servs.*, 2022-Ohio-1358.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

SARAH HALL,

    PLAINTIFF-APPELLANT,               CASE NO.  3-21-19

    v.

CRAWFORD COUNTY JOB AND
FAMILY SERVICES,                     O P I N I O N

    DEFENDANT-APPELLEE.

---

**Appeal from Crawford County Common Pleas Court**
**Trial Court No. 19-CV-0170**

**Judgment Affirmed**

**Date of Decision:   April 25, 2022**

---

APPEARANCES:

    *Michael T. Conway* for Appellant

    *Daniel T. Downey and Stephanie L. Schoolcraft*  for Appellee

**ZIMMERMAN, P.J.**

{¶1} Plaintiff-appellant, Sarah Hall ("Hall"), appeals the September 16, 2021 decision of the Crawford County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Crawford County Job and Family Services ("CCJFS"). For the reasons that follow, we affirm.

{¶2} On August 16, 2019, Hall filed a complaint in the trial court alleging that she was terminated from her employment with CCJFS in violation of Chapter 4112 of the Ohio Revised Code. CCJFS filed an answer on September 16, 2019.

{¶3} On April 15, 2021, CCJFS filed a motion for summary judgment in which it interpreted Hall's second cause of action as a disability-discrimination claim and argued that there is no genuine issue of material fact that Hall "cannot establish the prima facie case for her disability discrimination and retaliation claims." (Doc. No. 16). After being granted an extension of time, Hall filed a memorandum in opposition to CCJFS's motion for summary judgment on June 1, 2021. In her memorandum in opposition to CCJFS's motion for summary judgment, Hall disagreed with CCJFS's interpretation of her second cause of action and asserted that her second cause of action is a prohibited-inquiry claim. On June 15, 2021, CCJFS filed its reply to Hall's memorandum in opposition to its motion for summary judgment in which it argued, in relevant part, that Hall's assertion that her second cause of action is a prohibited-inquiry claim is "an improper attempt by

[Hall] to modify her Complaint through arguments in her [memorandum] in opposition to a motion for summary judgment." (Doc. No. 25).

{¶4} On September 16, 2021, the trial court granted summary judgment in favor of CCJFS after concluding that no genuine issue of material fact remained that Hall cannot establish that CCJFS discriminated or retaliated against her based on her disability. (Doc. No. 29). Specifically, the trial court addressed Hall's disability-discrimination claim and concluded that there is no genuine issue of material fact that Hall "could perform the essential job functions, with or without accommodation" and that CCJFS provided Hall a reasonable accommodation. (*Id.*). As to Hall's retaliation claim, the trial court concluded that there is no genuine issue of material of fact that there was no causal connection between the adverse employment action and a protected activity. Furthermore, the trial court concluded that, even construing Hall's second cause of action as a prohibited-inquiry claim, "[t]he information that [CCJFS] obtained was job-related and necessary" because "the information that they obtained was used to provide [Hall] with reasonable accommodations in completing her job duties." (*Id.*).

{¶5} On October 15, 2021, Hall filed her notice of appeal. She raises five assignments of error for our review, which we review together.

**Assignment of Error No. I**

**The Court of Common Pleas Erred to the Material Prejudice of the Appellant When it Granted the Appellee [sic] Motion for**

**Summary Judgment on Sarah Hall's RC 4112.02 (A) Prohibited Inquiry Claim.  (Appx "A" at pg. 16-17).**

#### Assignment of Error No. II

**The Court of Common Pleas Erred to the Material Prejudice of the Appellant When it Granted the Appellee [sic] Motion for Summary Judgment on a RC 4112.02 (A) Failure to Accommodate Disability Claim Which Was Not Being Pursued As a Claim in the Trial Court or on MSJ Opposition by the Appellant.  (Appx "A" at pg. 8-12).**

#### Assignment of Error No. III

**The Court of Common Pleas Erred to the Material Prejudice of the Appellant When it Granted the Appellee [sic] Motion for Summary Judgment Finding the Appellant Must Prove She is Disabled to Support a RC 4112.02 (I) Retaliation Cause of Action**

#### Assignment of Error No. IV

**The Court of Common Pleas Erred to the Material Prejudice of the Appellant When it Granted the Appellee [sic] Motion for Summary Judgment Finding the Appellant Asking for An Accommodation For Multiple Sclerosis Disability is Not Protected Activity Under Ohio RC 4112.02 (I) and Further Representing it Was Not Dismissing the Case Based on Review of That Element of the Prima Facie [sic] and Then Did So Regardless.  (Appx A at pg. 13-14, 16).**

#### Assignment of Error No. IV

**The Court of Common Pleas Erred to the Material Prejudice of the Appellant When it Granted the Appellee [sic] Motion for Summary Judgment on the RC 4112.02 (I) Retaliation Claim Finding in Effect There is No Genuine Issue of Material Factual Dispute as to What the Actual Employer's Motivation/Cause Was for Terminating Sarah Hall's Employment.  (Appx. A at 16).**

{¶6} In her assignments of error, Hall argues that the trial court erred by granting summary judgment in favor of CCJFS. In particular, in her first and second assignments of error, Hall argues that the trial court erred by granting summary judgment in favor of CCJFS by addressing her second cause of action as a disability-discrimination claim and further concluding that there is no genuine issue of material fact that CCJFS conducted a prohibited inquiry. Under her third, fourth, and fifth assignments of error, Hall specifically argues that the trial court erred by concluding that there are no genuine issues of material fact that CCJFS retaliated against her based on her disability.

*Standard of Review*

{¶7} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

**{¶8}** "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

*Analysis*

**{¶9}** "Title I of the [Americans with Disabilities Act ("ADA")] prohibits certain employers from terminating 'an employee because the employee is disabled, because the employee has a record of being disabled, *or* because the employer "regards" the employee as disabled.'" (Emphasis sic.) *Equal Emp. Opportunity Comm. v. Blue Sky Vision, LLC*, W.D.Mich. No. 1:20-CV-285, 2021 WL 5535848, *7 (Nov. 1, 2021), quoting *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 318 (6th Cir.2019). In Ohio, "R.C. 4112.02(A) provides that it is 'an unlawful discriminatory practice' '[f]or any employer, because of the * * * disability * * * of any person * * * to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly

related to employment.'" *Chiancone v. Akron*, 9th Dist. Summit No. 26596, 2014-Ohio-1500, ¶ 15, quoting R.C. 4112.02(A). Consequently, "[t]he ultimate issue in cases where a plaintiff alleges employment discrimination in violation of R.C. Chapter 4112 is whether the adverse employment action was motivated by discriminatory intent." *Id.*, citing *Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 571 (1998).

{¶10} "In interpreting Ohio law, courts may look to federal regulations and case law in interpreting the" ADA. *Hart v. Columbus Dispatch/Dispatch Printing Co.*, 10th Dist. Franklin No. 02AP-506, 2002-Ohio-6963, ¶ 24, citing *McGlone* at 573. "However, the Supreme Court of Ohio refined this statement, and 'federal materials may only be utilized "when the terms of the federal statute are consistent with Ohio law or when R.C. Chapter 4112 leaves a term undefined."'" *Carnahan v. Morton Bldgs. Inc.*, 3d Dist. Paulding No. 11-14-04, 2015-Ohio-3528, ¶ 27 (Preston, J., concurring), quoting *Dalton v. Ohio Dept. Rehab. & Corr.*, 10th Dist. Franklin No. 13AP-827, 2014-Ohio-2658, ¶ 28, quoting *Scalia v. Aldi, Inc.*, 9th Dist. Summit No. 25436, 2011-Ohio-6596, ¶ 23, citing *Genaro v. Cent. Transport*, 84 Ohio St.3d 293, 298 (1999).

{¶11} "To establish a prima facie case of disability discrimination under R.C. 4112.02, a plaintiff must demonstrate that: (1) he or she is disabled; (2) his or her employer took an adverse employment action against him or her at least partially

based upon the disability; and (3) the he or she could safely and substantially perform the essential functions of his or her job despite disability." *Niles v. Natl. Vendor Servs., Inc.*, 10th Dist. Franklin No. 10AP-128, 2010-Ohio-4610, ¶ 26, citing *Pinchot v. Mahoning Cty. Sheriff's Dept.*, 164 Ohio App.3d 718, 2005-Ohio-6593, ¶ 10 (7th Dist.), citing *Hood v. Diamond Prods., Inc.*, 74 Ohio St.3d 298, 302 (1996). *See also Carnahan* at ¶ 22 ("In a disability-discrimination case under R.C. 4112.02(A), the burden is on the employee to establish a prima-facie case of disability discrimination in the absence of direct evidence of discrimination.").

{¶12} "Once an employee successfully establishes a prima-facie case of disability discrimination, the burden 'shift[s] to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Carnahan* at ¶ 22, quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, (1973), and citing *Raytheon Co. v. Hernandez*, 540 U.S. 44, 124 S.Ct. 513 (2003) (applying the *McDonnell Douglas* burden-shifting scheme to disability-discrimination cases) and *Hood* at 302 (applying the burden-shifting analysis to disability-discrimination cases under Ohio law). "'[I]f the employer establishes a nondiscriminatory reason for the action taken, then the employee * * * must demonstrate that the employer's stated reason was a pretext for impermissible discrimination.'" *Id.*, quoting *Hood* at 302.

{¶13} "Disability" is defined by the statute as

a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment.

R.C. 4112.01(A)(13). Therefore, under the statute, a claimant can establish that he or she has a disability in three potential ways. *Carnahan* at ¶ 23.

{¶14} "A plaintiff who has established that he is disabled for R.C. 4112.02 purposes may further establish a discrimination claim by showing that the employer has declined to make a reasonable accommodation to known disabilities if such accommodation would not cause undue hardship on the employer." *Niles*, 2010-Ohio-4610, at ¶ 27. The employee bears the burden of proposing an accommodation and showing that the accommodation is objectively reasonable. *Id.*

{¶15} In this case, Hall argues under her first assignment of error that the trial court erred by granting summary judgment in favor of CCJFS as to her "prohibited inquiry claim." (Appellant's Brief at 17). In response, CCJFS contends, "[a]s the lower court properly recognized, Hall failed to plead her claim that [CCJFS] improperly inquired about Hall's medical condition." (Appellee's Brief at 12).

{¶16} "Ohio is a notice-pleading state." *Pugh v. Sloan*, 11th Dist. Ashtabula No. 2019-A-0031, 2019-Ohio-3615, ¶ 26. Under Civ.R. 8(A), "[a] pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the

claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Civ.R. 8(E)(1). In sum, "[t]he statement of the claim must give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based." *Pugh* at ¶ 27.

{¶17} Here, in addition to the retaliation claim under R.C. 4112.02(I), Hall raised the following claim in her complaint as her second cause of action:

> The conduct of the Defendant, acting by its agents, in refusing to accommodate the Plaintiff's MS disability and using a fitness for duty examination to further a discriminatory purpose amounts to discrimination based upon a disability, in violation of Ohio RC 4112.02. damage [sic] as averred.

(Doc. No. 1). CCJFS and the trial court interpreted Hall's second cause of action as a disability-discrimination claim along with a failure to accommodate. Nevertheless, in her memorandum in opposition to CCJFS's motion for summary judgment, and in her first assignment of error, Hall contends that the foregoing cause of action is a prohibited-inquiry claim. Specifically, Hall asserts that her complaint alleged sufficient operative facts to put CCJFS on notice that her second cause of action alleged a prohibited-injury claim. Those facts, according to Hall are:

> 15. [CCJFS's] HR officer then advised [Hall] in March 2018 to take FMLA leave in spite of the fact she was not suffering from an FMLA qualifying illness. [Hall] refused to take the leave although she had her doctor fill out the FMLA forms regardless as instructed by HR.

[Hall] submitted FMLA forms on March 26, 2018 indicating [she] suffers from MS symptoms.

16. [Hall] was then given a 3 day disciplinary suspension for not being able to do her job competently (without training or accommodation) on March 27, 2018.

17. [CCJFS] * * * disputed [Hall's] FMLA leave diagnosis after it insisted that [she] take FMLA leave, and demanded more medical evidence from her doctor in April 2018 claiming it wanted to make a fitness for duty evaluation of her.

(Doc. No. 1).

{¶18} Even if we liberally construe Hall's complaint (as we are required to do), there is no genuine issue of material fact that Hall failed to prove that CCJFS improperly inquired about her disability. *See Boyland v. Giant Eagle*, 10th Dist. Franklin No. 17AP-133, 2017-Ohio-7335, ¶ 20 (noting that courts shall liberally construe pleadings), citing *MacDonald v. Bernard*, 1 Ohio St.3d 85, 86 (1982), fn. 1, citing Civ.R. 1(B); *Sherrer v. Hamilton Cty. Bd. of Health*, 747 F.Supp.2d 924, 932-934 (S.D.Ohio 2010).

{¶19} "The ADA was enacted in 1990 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" *State ex rel. Mahajan v. State Med. Bd. of Ohio*, 127 Ohio St.3d 497, 2010-Ohio-5995, ¶ 42, quoting 42 U.S.C. 12101(b). Under the ADA, "[m]edical examinations and inquiries of current employees are prohibited if they seek to determine 'whether such employee is an individual with a disability or as to the

nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.'" *Mahajan* at ¶ 42, quoting 42 U.S.C. 12112(d)(4)(A).

{¶20} "The employer bears the burden of proving that a medical examination [or disability inquiry] is job-related and consistent with business necessity by demonstrating that: '(1) the employee requests an accommodation; (2) the employee's ability to perform the essential functions of the job is impaired; or (3) the employee poses a direct threat to himself or others.'" *Kroll v. White Lake Ambulance Auth.*, 763 F.3d 619, 623 (6th Cir.2014), quoting *Denman v. Davey Tree Expert Co.*, 266 Fed.Appx. 377, 379 (6th Cir.2007). *Blue Sky Vision, LLC*, 2021 WL 5535848, at *7 ("Because the same statutory provision both permits medical examinations and disability inquiries, the same circumstances that authorize medical examinations also permit the disability inquiries."). "The employer must show the disability-related inquiry is 'no broader or more intrusive than necessary' and is a 'reasonably effective method' of achieving a business necessity." *Miller v. Whirlpool Corp.*, 807 F.Supp.2d 684, 687 (N.D.Ohio 2011), quoting *Conroy v. N.Y. State Dep't of Corr. Servs.*, 333 F.3d 88, 97-98 (2d Cir.2003). *See also Jackson v. Regal Beloit America, Inc.*, E.D.Ky. No. 16-134-DLB-CJS, 2018 WL 3078760, *6 (June 21, 2018) (stating that "for unlawful-medical-examination claims, it is the defendant who has the burden of persuasion, not the plaintiff"). "The business

necessity standard is 'quite high[ ] and is not [to be] confused with mere expediency.'" *Miller* at 687, quoting *Cripe v. San Jose*, 261 F.3d 877, 890 (9th Cir.2001).

**{¶21}** Importantly, when contesting "'an allegedly improper' medical examination or inquiry under [42 U.S.C.] 12112(d)(4)(A)," "'a plaintiff need not prove'" "that he or she is disabled." *Jackson* at *6, quoting *Lee v. Columbus*, 636 F.3d 245, 252 (6th Cir.2011), and citing *Kroll v. White Lake Ambulance Auth.*, 691 F.3d 809, 816 (6th Cir.2012). Therefore, courts generally analyze improper-medical examination or inquiry claims without resorting to the typical ADA-discrimination test. *Id. See also Kroll*, 763 F.3d at 623; *Bates v. Dura Auto. Sys., Inc.*, 767 F.3d 566 (6th Cir.2014). Thus, the relevant inquiry is "'(1) whether the employer performed or authorized a medical examination or disability inquiry ("the regulated conduct"); and if so, (2) whether the exam/inquiry was job-related and consistent with business necessity ("the justification").'" *Jackson* at *6, quoting *Bates*, 767 F.3d at 569.

**{¶22}** Under this analysis, Hall must demonstrate that CCJFS engaged in an improper disability inquiry. *Accord id.* "If she does so, [CCJFS] will then 'bear[ ] the burden of proving that' * * * inquiry was 'job-related and consistent with business necessity.'" *Id.*, quoting *Kroll*, 763 F.3d at 623. In this case, Hall contends that CCJFS "attempted to illegally compel [her] on * * * March 29, 2018 * * * to

-13-

use an FMLA leave request" to elicit information about her disability in contravention of the ADA. (Appellant's Brief at 9).

{¶23} A disability-related inquiry is generally defined as "'a question (or series of questions) that is likely to elicit information about a disability.'" *Bates* at 578, quoting EEOC, *Enforcement Guidance: Disability-Related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (ADA)* Part B.1 (July 27, 2000). *See also Kroll*, 691 F.3d at 815 (noting that, because "[t]he ADA's legislative history provides little insight into the intended meaning or scope of the term[s]," "the best interpretive aid is the Enforcement Guidance that the EEOC has published to explain and clarify the terms of § 12112(d)(4)"). In other words, the relevant inquiry is whether an employer seeks to reveal whether an employee (or potential employee) suffers from a disability. *See, e.g.*, *Kroll*, 691 F.3d at 816 (noting that "one must consider whether it is likely to elicit information about a disability, providing a basis for discriminatory treatment"). However, "[t]he nondisclosure provisions of the ADA do not govern voluntary disclosures of medical information initiated by the employee." *Sherrer*, 747 F.Supp.2d at 931. *See also Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir.2000).

{¶24} There is no dispute that Hall revealed her disability prior to CCJFS's March 29, 2018 request that she fill out the FMLA forms and submit to the fitness-for-duty examination. *Accord Cash* at 1307 ("In this case, the disclosure that Cash

complains of was not of the result of an examination ordered by [her employer], but of a voluntary disclosure that Cash made to [her supervisor].").  In other words, Hall's disclosure *prompted* CCJFS to offer the FMLA paperwork and the fitness-for-duty examination.

**{¶25}** Indeed, the record reveals that Hall informed CCJFS about her MS diagnosis prior to the alleged improper inquiry.  Notably, the record reflects that (on November 17, 2017) Hall informed CCJFS that "she has MS and a fog that comes and goes, that it is harder for her to process" and further "explained her health condition might hinder her job duties."  (Doc. No. 21, Ex. 86).

**{¶26}** Moreover, Hall testified in her deposition that she informed CCJFS "about having MS" at the March 20, 2018 pre-disciplinary conference and explained the difficulties it caused her job performance.  (Doc. No. 18, Hall Depo. at 83, 85).  (*See also* Doc. No. 22, Holtzman Depo. at 23); (Doc. No. 17, Defendant's Ex. HH, II).  Likewise, Hall provided CCJFS with a letter on March 20, 2018 detailing her MS diagnosis, including her symptoms and job difficulties, along with the results of an MRI documenting her MS diagnosis.  (Doc. No. 17, Defendant's Ex. II).  Hall testified that CCJFS provided her with the FMLA paperwork thereafter.  (Doc. No. 18, Hall Depo. at 83, 85).  Furthermore, Hall testified that she informed her medical provider that she "already told [CCJFS]" of her MS diagnosis in response to her

medical provider's advice to omit her specific diagnosis from the FMLA form. (*Id.* at 86).

**{¶27}** Importantly, Hall directs us to no evidence that CCJFS made any inquiry prior to or during the March 20, 2018 pre-disciplinary meeting which prompted her disclosure. *See Sherrer* at 932-933, citing *Doe v. U.S. Postal Serv.*, 317 F.3d 339, 344 (D.C.Cir.2003) and *Cash* at 1307 (concluding that Cash "disclosed her medical condition to her boss 'in confidence' but not pursuant to an FMLA request nor in response to any specific questioning"). Consequently, based on our review of the record, we conclude that there is no genuine issue of material fact that Hall voluntarily disclosed her disability to CCJFS.

**{¶28}** Nevertheless, even assuming without deciding that Hall's disclosure was not voluntary, there is no genuine issue of material fact that such inquiry on the part of CCJFS was job-related and consistent with business necessity. Specifically, any inquiry on the part of CCJFS was made because there is no genuine issue of material fact that Hall's ability to perform the essential functions of the job were impaired. Indeed, Hall informed CCJFS as early as November 2017 that her "health condition might hinder her job duties" and Hall detailed the ways in which her disability impaired the essential functions of her job in her March 20, 2018 letter to CCJFS. (Doc. No. 17, Defendant's Ex. II); (Doc. No. 21. Ex. 86). Consequently, CCJFS was justified in requesting a fitness-for-duty examination and additional

medical information from Hall's physician regarding her condition. *See Sullivan v. River Valley School Dist.*, 197 F.3d 804, 812 (6th Cir.1999); *Denman*, 266 Fed.Appx. at 380. Therefore, we conclude that there is no genuine issue of material fact that CCJFS did not engage in an improper-disability inquiry under 42 U.S.C. 12112(d)(4)(A).

{¶29} Hall further argues that the trial court erred by granting summary judgment in favor of CCJFS as to her retaliation claim under R.C. 4112.02(I). That statute "prohibits 'any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code.'" *Stachura v. Toledo*, 6th Dist. Lucas No. L-19-1269, 2022-Ohio-345, ¶ 83, quoting R.C. 4112.02(I). "Because of the similarities between R.C. 4112.02(I) and Title VII of the Civil Rights Act of 1964, Ohio courts look to federal case law for assistance in interpreting retaliation claims under R.C. 4112.02(I)." *Moody v. Ohio Dept. of Mental Health & Addiction Servs.*, 10th Dist. Franklin No. 21AP-159, 2021-Ohio-4578, ¶ 35, citing *Grubach v. Univ. of Akron*, 10th Dist. No. 19AP-283, 2020-Ohio-3467, ¶ 67.

{¶30} "To establish a prima facie case of retaliation, a claimant must prove that '(1) she engaged in a protected activity, (2) the defending party was aware that

the claimant had engaged in that activity, (3) the defending party took an adverse employment action against the employee, and (4) there is a causal connection between the protected activity and adverse action.'" *Stachura* at ¶ 84, quoting *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, ¶ 13. *See also Moody* at ¶ 36, citing *Wu v. Northeast Ohio Med. Univ.*, 10th Dist. Franklin No. 18AP-656, 2019-Ohio-2530, ¶ 29 (noting that retaliation claims, similar to discrimination claims, which are based on indirect evidence, are evaluated under the *McDonnell Douglas* analytical framework). "'If a complainant establishes a prima facie case, the burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for its actions.'" *Id.*, quoting *Greer-Burger* at ¶ 14, quoting *McDonnell Douglas Corp.*, 411 U.S. at 802. "'If the employer satisfies this burden, the burden shifts back to the complainant to demonstrate "that the proffered reason was not the true reason for the employment decision."'" *Id.*, quoting *Greer-Burger* at ¶ 14, quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089 (1981).

**{¶31}** In this case, Hall argues that genuine issues of material fact remain regarding whether she engaged in a protected activity and whether there is a causal connection between the protected activity and adverse action. Specifically, Hall argues that there are genuine issues of material fact as to whether she engaged in the protected activity of requesting a reasonable accommodation whether there is a

causal connection between her reasonable-accommodation request and her progressive discipline and ultimate termination. That is, Hall argues, "[b]ecause the Court did not analyze the case from the perspective that requesting an accommodation is lawful protected activity under RC 4112.02 (I), the Trial Court's analysis finding no retaliation against HALL [sic] by CCJFS occurred [sic] is flawed throughout its dispositive order, and reversal of the prejudicial error is required." (Appellant's Brief at 24). Thus, this court will address only whether the trial court erred by granting summary judgment in favor of CCJFS as to Hall's argument that CCJFS retaliated against her for engaging in the protected activity of requesting a reasonable accommodation.

{¶32} Nevertheless, the protected-activity argument that Hall raises in her argument in this appeal is without merit. Indeed, any suggestion that requesting a reasonable accommodation is a protected activity under R.C. 4112.02(I) is specious, and Hall's reliance on federal-case law suggesting that requesting a reasonable accommodation is a protected activity under Ohio law is misplaced.

{¶33} As we previously noted, Ohio courts may look to federal-case law interpreting the ADA when construing Ohio law. *Accord Hart,* 2002-Ohio-6963, at ¶ 24. However, the Supreme Court of Ohio cautioned that these federal materials may *only* be consulted "when the terms of the federal statute are consistent with Ohio law or when R.C. Chapter 4112 leaves a term undefined." *Scalia*, 2011-Ohio-

6596, at ¶ 23. In this case, because the terms of the ADA are *not* consistent with R.C. 4112.02(I), the federal materials on which Hall relies are inapposite.

**{¶34}** Rather, our sister appellate district determined that requesting a reasonable accommodation does not constitute a protected activity under R.C. 4112.02(I). *Musil v. Gerken Materials, Inc.*, 6th Dist. Lucas No. L-19-1262, 2020-Ohio-3548, ¶ 20. *See also Rorrer v. Stow*, 743 F.3d 1025, 1046 (6th Cir.2014). *But see Johnson v. Cleveland City School Dist.*, 8th Dist. Cuyahoga No. 94214, 2011-Ohio-2778, ¶ 68 (concluding, without citation to authority, that requesting a reasonable accommodation constitutes a protected activity). Interpreting the statute, the Sixth District Court of Appeals reasoned that, since "R.C. 4112.02(I) states that it is unlawful to discriminate against a person because that person has 'opposed any unlawful discriminatory practice,' or 'made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing,' and a request for an accommodation is "not participation in an investigation, proceeding, or hearing" or "opposition to an unlawful discriminatory practice." *Musil* at ¶ 20. Importantly, the court resolved that "the act of terminating a person for requesting a reasonable accommodation would be the discriminatory practice itself." *Id.*

**{¶35}** Based on that reasoning, we agree that Hall's request for a reasonable accommodation is not a protected activity under R.C. 4112.02(I). *Accord id.* Consequently, since Hall cannot demonstrate the first element of her retaliation

claim under R.C. 4112.02(I), Hall cannot demonstrate that a genuine triable issue of fact remains as to *an* essential element of her retaliation claim. Accordingly, we conclude that no genuine issues of material fact exist regarding Hall's retaliation claim. Therefore, the trial court did not err by granting summary judgment in favor of CCJFS as to the retaliation claim.

**{¶36}** Finally, Hall argues that the trial court erred by granting summary judgment in favor of CCJFS as to a failure-to-accommodate claim, which she asserts she did not allege. However, Hall does not make any argument conveying how the trial court's error was "prejudicial" or "require[s] reversal." (Appellant's Brief at 21). An appellant has the burden of affirmatively demonstrating the error of the trial court assigned on appeal. *Riddle v. Riddle*, 3d Dist. Marion No. 9-19-08, 2019-Ohio-4405, ¶ 49. Indeed, "an appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2): 'if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *Rodriguez v. Rodriguez*, 8th Dist. Cuyahoga No. 91412, 2009-Ohio-3456, ¶ 4, quoting App.R. 12(A); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159 (1988).

**{¶37}** App.R. 16(A)(7) requires that Hall include in her brief: "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to

the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."

**{¶38}** "'It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error.'" *Rodriguez* at ¶ 7, quoting *State v. McGuire*, 12th Dist. Preble No. CA95-01-001, 1996 WL 174609, *14 (Apr. 15, 1996). "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *Id.*, citing *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998) and *McGuire* at *14. Because Hall failed to include an argument containing her contentions with citations to the authorities, statutes, and parts of the record on which she relies, we decline to review it.

**{¶39}** Based on the forgoing reasons, Hall's assignments of error are overruled.

**{¶40}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and SHAW, J.J., concur.**

**/jlr**