[Cite as *OhioHealth Corp. v. Bishop*, 2024-Ohio-887.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

**OHIOHEALTH CORPORATION,**

    **PLAINTIFF-APPELLEE,**

**CASE NO. 9-23-39**

  **v.**

**ROBERT E. BISHOP,**

**O P I N I O N**

    **DEFENDANT-APPELLANT.**

**Appeal from Marion Municipal Court**
**Small Claims Division**
**Trial Court No. CVH 220979**

**Judgment Affirmed**

**Date of Decision:  March 11, 2024**

**APPEARANCES:**

    *Robert E. Bishop,* **Appellant**

    *Allen J. Reis* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Robert E. Bishop ("Bishop"), pro se, appeals the May 17, 2023 judgment of the Marion Municipal Court, Small Claims Division granting summary judgment in favor of defendant-appellee, OhioHealth Corporation ("OhioHealth"), and awarding it a judgment in the amount of $6,066.24. We affirm.

{¶2} On June 28, 2022, OhioHealth filed a small-claims complaint in the Marion Municipal Court against Bishop asking for a judgment in the amount of $6,066.24 for an "unpaid account for reasonable and necessary medical goods and services rendered from December 8, 2020 to December 10, 2020 at [OhioHealth's] healthcare facility located in Marion County, Ohio * * * ." (Doc. No. 1). Bishop, pro se, filed an answer on August 3, 2022. However, because that answer was defective, the trial court permitted Bishop to file a second answer on August 29, 2022.

{¶3} On December 6, 2022, Bishop filed a request in the trial court for a debt-validation letter from OhioHealth as provided under the Fair Debt Collections Practices Act ("FDCPA").

{¶4} On January 26, 2023, OhioHealth filed a motion for summary judgment, arguing that there is no genuine issue of material fact that Bishop "is indebted to [OhioHealth], [for] the amounts due and owing on the account in the

sum of $6,066.24, and that [Bishop] agreed to be responsible for the balance due pursuant to the Consent to Treat, and Financial Responsibility agreement." (Doc. No. 15). On March 14, 2023, Bishop filed a memorandum in opposition to OhioHealth's motion for summary judgment, arguing that OhioHealth violated the FDCPA by failing to respond to his request for a debt-validation letter. OhioHealth filed its reply to Bishop's memorandum in opposition to its motion for summary judgment on March 22, 2023.

{¶5} On May 17, 2023, the trial court granted summary judgment in favor of OhioHealth and awarded it a judgment in the amount of $6,066.24. (Doc. No. 20).

{¶6} Bishop filed his notice of appeal on June 16, 2023. He raises one assignment of error for our review.

### Assignment of Error

**The trial court errored [sic] in granting summary judgment in favor of the Appellee despite Appellants [sic] FDCPA violation argument where there was no evidence that the Appellee responded to Appellants [sic] validation letter request as required by 15 U.S.C. § 1692g(a) and the request by Appellant was filed into the case on December 4, 2022 [sic]. As well as violating section 1692 (e) false and misleading for the email correspondence from Lori Ritter, assistant for attorney of record. Together with the false and misleading signature on the General consent for dated December 18, 2019.**

{¶7} In his assignment of error, Bishop argues that the trial court erred by granting summary judgment in favor of OhioHealth because "there was no evidence

that [OhioHealth] sent [Bishop] a validation letter as required by 15 U.S.C. § 1692g(a)." (Appellant's Brief at 8).

*Standard of Review*

**{¶8}** We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

**{¶9}** "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of

a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

*Analysis*

{¶10} In this case, the trial court granted summary judgment in favor of OhioHealth after concluding that there is no genuine issue of material fact that OhioHealth is entitled to judgment as a matter of law as to its claim for unpaid medical debt against Bishop. Even though Bishop generally disputes the amount of the debt, he did not raise any specific argument relative to that dispute in his memorandum in opposition to OhioHealth's motion for summary judgment (or in this appeal). *See, e.g.*, *Haddox v. Cent. Ohio Transit Auth.*, 10th Dist. No. 21AP-539, 2023-Ohio-321, ¶ 15 (noting that the nonmoving party is required "to 'set forth specific facts showing that there is a genuine issue for trial'"), quoting Civ.R. 56(E). Importantly, there is no evidence in the record indicating that Bishop disputed the debt with OhioHealth (prior to OhioHealth filing its complaint in this case) or with his insurance company.

{¶11} Instead, Bishop contends that OhioHealth is not entitled to collect on the outstanding debt because it failed to comply with the FDCPA after he requested a debt validation letter. "'Congress passed the FDCPA to address "what it considered to be a widespread problem" of consumer abuse at the hands of debt collectors.'" *Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627, 2016-

Ohio-3444, ¶ 7, quoting *Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 712-713 (6th Cir.2015), quoting *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir.1992). "The intent of the FDCPA is to '"eliminate abusive debt collection practices"' that have contributed to personal bankruptcies, job loss, and invasions of individual privacy." *Id.*, quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 577, 130 S.Ct. 1605 (2010), quoting 15 U.S.C. 1692(e). Generally, "[t]he FDCPA prohibits debt collectors from employing 'any false, deceptive, or misleading representation or means in connection with the collection of any debt,' including misrepresenting 'the character, amount, or legal status of any debt.'" *Id.*, quoting 15 U.S.C. 1692e(2)(A). Specifically, "[a] debt collector may not employ any 'unfair or unconscionable means to collect or attempt to collect any debt,'" "and cannot collect 'any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.'" *Id.*, quoting 15 U.S.C. 1692f(1).

**{¶12}** "When analyzing whether conduct giving rise to [a] claim fits within the broad scope of the FDCPA, 'the conduct is viewed through the eyes of the "least sophisticated consumer."'" *Id.*, quoting *Currier v. First Resolution Invest. Corp.*, 762 F.3d 529, 533 (6th Cir.2014), quoting *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir.2008). "That standard, while protecting 'the gullible and the shrewd

alike,' also presumes 'a basic level of reasonableness and understanding on the part of the debtor.'" *Id.*, quoting *Currier* at 533.

**{¶13}** To establish a prima facie case for a violation of the FDCPA, a party must prove that (1) the party is a natural person who has been harmed by a violation of the FDCPA or is a "consumer" as provided under 15 U.S.C. 1692a(3); (2) the "debt" arises from a transaction executed "primarily for personal, family, or household purposes"; (3) the party collecting the debt is a "debt collector" as provided under 15 U.S.C. 1692a(6); and (4) the party collecting the debt violated a provision of the FDCPA. 15 U.S.C. 1692a. *See also Taylor* at ¶ 9. Critically, "[t]he absence of any one of the four essential elements is fatal to a FDCPA" claim. *Taylor* at ¶ 9, quoting *Whittiker v. Deutsche Bank Natl. Trust Co.*, 605 F.Supp.2d 914, 939 (N.D.Ohio 2009). However, the party claiming a violation of the FDCPA

> does not need to demonstrate that he or she suffered actual damages in order to prevail on an FDCPA claim; [rather,] the FDCPA "places the risk of penalties on the debt collector that engages in activities which are not entirely lawful, rather than exposing consumers to unlawful debt-collector behavior without a possibility for relief."

*Id.* at ¶ 10, quoting *Stratton v. Portfolio Recovery Assocs., L.L.C.*, 770 F.3d 443, 449 (6th Cir.2014).

**{¶14}** Importantly, "[t]he FDCPA '"imposes civil liability only upon 'debt collectors' as defined by the Act."'" *Truist Bank v. Eichenberger*, 10th Dist. Franklin No. 22AP-334, 2023-Ohio-779, ¶ 55, quoting *Helton v. U.S. Restoration*

*& Remodeling, Inc.*, 10th Dist. Franklin No. 14AP-899, 2016-Ohio-1232, ¶ 79, quoting *Games v. Cavazos*, 737 F.Supp. 1368, 1382 (D.Del. 1990). "Under the FDCPA, '"debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Id.*, quoting 15 U.S.C. 1692a(6). "First-party creditors engaged in their own debt collection are excluded from liability under the FDCPA." *Id.*, citing *Taylor* at ¶ 11.

{¶15} However, we need not reach whether the FDCPA applies in this case. Indeed, our review of the record reveals that Bishop did not allege his FDCPA violation in the manner required by the Ohio Rules of Civil Procedure. *Accord id.* at ¶ 50. Specifically, Bishop did not assert his FDCPA violation in his answer as a counterclaim or as an affirmative defense. *Accord Dandrew v. Silver*, 8th Dist. Cuyahoga No. 86089, 2005-Ohio-6355, ¶ 32 (concluding that Silver did not properly raise his FDCPA violation because he "never alleged violations of the Fair Debt Collection Act against [Dandrew] through an affirmative defense to the complaint or as part of his counterclaim").

{¶16} "'Ohio is a notice-pleading state.'" *Hall v. Crawford Cty. Job & Family Servs.*, 3d Dist. Crawford No. 3-21-19, 2022-Ohio-1358, ¶ 16, quoting *Pugh v. Sloan*, 11th Dist. Ashtabula No. 2019-A-0031, 2019-Ohio-3615, ¶ 26. "To

properly assert a claim (or counterclaim) against a party in a civil action, Civ.R. 8(A) requires 'a short and plain statement of the claim showing that the party is entitled to relief.'" *Truist Bank* at ¶ 51, quoting Civ.R. 8(A). "Notice pleading under Civ.R. 8(A) and (E) requires that a claim concisely set forth only those operative facts sufficient to give fair notice of the nature of the action." *Id.*, citing *Ford v. Brooks*, 10th Dist. Franklin No. 11AP-664, 2012-Ohio-943, ¶ 13. Importantly, "to constitute fair notice, the complaint (or counterclaim) must allege sufficient underlying facts that relate to and support the alleged claim; it may not simply state legal conclusions." *Id.*, citing *Montgomery v. Ohio State Univ.*, 10th Dist. Franklin No. 11AP-1024, 2012-Ohio-5489, ¶ 20. *See, e.g.*, *Wells Fargo Bank, N.A. v. Lee*, 6th Dist. Wood No. WD-14-005, 2014-Ohio-4514, ¶ 14 (suggesting that a violation of the FDCPA may be raised as a counterclaim).

{¶17} Similarly, "Civ.R. 8(C) governs the pleading of affirmative defenses" and provides in its relevant part that, "'[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * any * * * matter constituting an avoidance or affirmative defense.'" *Truist Bank* at ¶ 52, quoting Civ.R. 8(C). "To preserve an affirmative defense, a party must assert it in at least one of the following ways: (1) by motion before pleading pursuant to Civ.R. 12(B); (2) affirmatively in a responsive pleading pursuant to Civ.R. 8(C); or (3) by amendment made under Civ.R. 15." *Id.*, citing *Marok v. Ohio State Univ.*, 10th Dist. Franklin No. 07AP-

921, 2008-Ohio-3170, ¶ 11, citing *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55 (1974), syllabus. "Failure to utilize any of these three methods for raising an affirmative defense waives a party's right to subsequently raise that defense." *Id.*, citing *Marok* at ¶ 11.

{¶18} Significantly, and critical to the facts of this case, "[a]ffirmative defenses cannot be asserted for the first time in a memorandum opposing a summary judgment motion." *Id.*, citing *Marok* at ¶ 11 (noting that "affirmative defenses * * * cannot be asserted for the first time in a motion for summary judgment"), citing *Carmen v. Link*, 119 Ohio App.3d 244, 250 (3d Dist.1997) (noting that a "motion for summary judgment is not one of the methods recognized by the [Supreme Court of Ohio] to assert an affirmative defense").

{¶19} An affirmative defense is "'a new matter which, assuming the complaint to be true, constitutes a defense to it.'" *Eulrich v. Weaver Bros.*, 165 Ohio App.3d 313, 2005-Ohio-5891, ¶ 15 (3d Dist.), quoting *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 75 Ohio St.3d 31, 33 (1996). "Specifically, '[a]n affirmative defense is any defensive matter in the nature of a confession and avoidance. It admits that the plaintiff has a claim (the 'confession') but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the 'avoidance').'" *Elias v. Akron*, 9th Dist. Summit No. 29107, 2020-Ohio-480, ¶ 13, quoting *The Plain Dealer Publishing Co.* at 33. "The burden of proving an

affirmative defense rests with the party asserting the defense." *Id.* Our sister courts of appeal have concluded that "the failure to comply with the FDCPA is an affirmative defense to a claim on account." *PNC Bank v. Dunlap*, 4th Dist. Ross No. 11CA3282, 2012-Ohio-2917, ¶ 14. *See also FIA Card Servs., N.A. v. Pfundstein*, 8th Dist. Cuyahoga No. 101808, 2015-Ohio-2514, ¶ 4 (suggesting that a violation of the FDCPA is an affirmative defense).

{¶20} In this case, Bishop's answer asserted only (as affirmative defenses) that OhioHealth "lacks standing and does not have authority to bring this law suit" and that Bishop "did not receive the product or services [he] was billed for * * * (failure of consideration)." (Doc. No. 5). Critically, Bishop neither expressly referenced the FDCPA in his answer nor alleged a counterclaim against OhioHealth in regards to the FDCPA. *See Truist Bank* at ¶ 52. In other words, Bishop did not raise his FDCPA-violation argument by motion before pleading as described by Civ.R. 12(B), in a responsive pleading as described by Civ.R. 8(C), or by amendment under Civ.R. 15. *Accord Marok* at ¶ 12. Instead, Bishop raised his FDCPA-violation argument *for the first time* in his memorandum in opposition to OhioHealth's motion for summary judgment. *See Truist Bank* at ¶ 49. Consequently, Bishop waived his FDCPA-violation argument. *See Eulrich* at ¶ 16 (concluding that Weaver "waived the affirmative defense" because it failed to assert it "in its answer," "failed to file an amended responsive pleading[,] and improperly

brought its defense for the first time in a motion for summary judgment"); *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 21 (1998). Therefore, because Bishop waived his FDCPA-violation argument, we need not address its applicability to the facts of this case.

**{¶21}** To be clear, we are not determining whether the FDCPA applies in this case or endorsing the soundness of Bishop's argument. Rather, we are concluding that Bishop waived his *argument* regarding the applicability of the FDCPA in this case. Indeed, the Rules of Civil Procedure contemplate that a party affirmatively plead his or her claim or affirmative defense to preserve their argument. Resolving the validity of such claim or affirmative defense is the function of the courts.

**{¶22}** Consequently, since Bishop waived his FDCPA-violation argument and did not raise any specific argument relative to his disagreement with the debt alleged by OhioHealth in his memorandum in opposition to OhioHealth's motion for summary judgment (or in this appeal), we conclude that the trial court did not err by granting summary judgment in favor of OhioHealth.

**{¶23}** Bishop's assignment of error is overruled.

**{¶24}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK, J., concurs.**

**WILLAMOWSKI, P.J., concurring separately.**

{¶25} I concur with the majority opinion that the trial court correctly granted summary judgment. I understand that the majority is saying that they will not consider Bishop's argument because he waived it by failing to raise it in the trial court. While generally, I would agree with this decision and would end all analysis at that point, in this case, I would address the argument. The majority correctly notes that the FDCPA does not apply to first-party creditors. OhioHealth is a first-party creditor. Thus, I would hold that the FDCPA does not apply in this case, so Bishop never had a claim pursuant to the FDCPA to raise to the trial court. For this reason, I concur separately.

**/hls**