OPINION
{¶ 1} Defendant, Jodi Sealey, appeals from the judgment of the Franklin County Municipal Court granting plaintiffs' motion for summary judgment based on defendant's failure to timely respond to plaintiffs' requests for admissions. For the following reasons, we affirm.
 {¶ 2} On March 26, 2002, an automobile accident occurred between defendant and plaintiffs Keith Dennis and James Thomas. At the time of the accident, American Standard Insurance Company ("ASI") insured Mr. Dennis. ASI paid $10,250 for medical expenses and damage to the vehicle. ASI, Mr. Dennis, and Mr. Thomas ("plaintiffs") filed a complaint against defendant on June 16, 2003. Defendant filed an answer on July 29, 2003. On August 20, 2003, plaintiffs served requests for admissions on defendant pursuant to Civ.R. 36. Defendant failed to respond within the 28-day period as required by the rule. Thereafter, plaintiffs filed a motion for summary judgment. Based on defendant's failure to timely respond, the trial court deemed the requests for admissions admitted and granted summary judgment in favor of plaintiffs. Defendant ("appellant") filed the instant appeal.
 {¶ 3} Appellant asserts the following assignments of error:
I. The trial court erred in finding that appellees were entitled to summary judgment, under rule 56 of the ohio rules of [civil procedure].
II. The trial court erred by not allowing the case to be decided by a jury.
 {¶ 4} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates the following: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State exrel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183. In the summary judgment context, a "material" fact is one that might affect the outcome of the suit under the applicable substantive law. Turner v. Turner (1993),67 Ohio St.3d 337, 340. When determining what is a "genuine issue," the court decides if the evidence presents a sufficient disagreement between the parties' positions. Id.
 {¶ 5} In Dresher, the Ohio Supreme Court held that a party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden to inform the trial court of the basis for the motion and identifying the portions of the record demonstrating an absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. The moving party does not discharge its burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates the nonmoving party has no evidence to support its claims. Id. Further, when a motion for summary judgment has been supported by proper evidence, the nonmoving party may not rest on the mere allegations of the pleading, but must set forth specific facts, by affidavit or otherwise, demonstrating that there is a genuine triable issue.Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52. If the nonmoving party does not demonstrate a genuine triable issue, summary judgment shall be entered against that party. Civ.R. 56(E).
 {¶ 6} In the first assignment of error, appellant argues the trial court erred in considering plaintiffs-appellees' ("appellees") motion for summary judgment because the action had been set for pre-trial and appellees failed to seek leave of court. Civ.R. 56(A) provides in pertinent part:
* * * A party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party. If the action has been set for pre-trial or trial, a motion for summary judgment may be made only with leave of court.
 {¶ 7} However, Loc.R. 53 for the Franklin County Court of Common Pleas provides "[p]ursuant to Civ. R. 56(A), leave is hereby granted in all civil cases to file summary judgment motions between the time of filing and the dispositive motion date, unless the Trial Judge decides otherwise by setting a different date." In this case, the first pre-trial was set for September 18, 2003. The second pre-trial was set for November 13, 2003. Appellees filed their motion on October 6, 2003. There is nothing in the record to indicate a dispositive motion cutoff date prior to appellees filing their motion for summary judgment. Therefore, appellees were automatically granted leave pursuant to Loc.R. 53.
 {¶ 8} Moreover, as appellees point out, Ohio courts have held that it is within the trial court's discretion to consider a motion for summary judgment filed without express leave of court after the action has been set for pre-trial. WW Roofing Siding, Inc. v. H.P. Group, L.L.C. (Aug. 22, 2001), Hancock App. No. 5-01-11; Lachman v. Wietmarschen, Hamilton App. No. C-020208, 2002-Ohio-6656. "[W]here the acceptance of a motion occurs by the grace of the court, the decision to accept is itself `by leave of court.'" Id.; Meyer v. Wabash Alloys,L.L.C., Cuyahoga App. No. 80884, 2003-Ohio-4400. Accordingly, appellant's first assignment of error is overruled.
 {¶ 9} In the second assignment of error, appellant maintains the trial court erred by not submitting the case to a jury because genuine issues of material fact exist as to who was negligent. We disagree. The trial court deemed appellees' requests for admissions admitted when appellant failed to respond within 28 days. Civ.R. 36(A) provides in part:
A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact * * *.
* * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.
 {¶ 10} Here, appellees served the requests for admissions on appellant on August 20, 2003. Appellant responded on October 21, 2003, well beyond the 28-day limit. There is nothing in the record to indicate appellant requested an extension. Appellant argues in her appellate brief that she tried to produce her answers to appellees at the first pre-trial on September 18, 2003. However, not only was this argument not raised below in her memorandum contra to appellees' motion for summary judgment, appellant does not support this statement with an affidavit or other affirmative evidence. Once the moving party comes forward with evidence to demonstrate summary judgment is proper, the nonmoving party must set forth specific facts, by affidavit or otherwise, demonstrating that there is a genuine triable issue.Jackson, supra. Appellant has failed to do so. Therefore, the request for admissions are deemed admitted. The admissions establish a prima facie case of negligence against appellant. Therefore, summary judgment in favor of appellees is proper. Accordingly, appellant's second assignment of error is overruled.
 {¶ 11} Based on the foregoing, appellant's first and second assignments of error are overruled and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Petree and Klatt, JJ., concur.