[Cite as *RBC, Inc. v. McClintock*, 2016-Ohio-5800.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RBC, INC. | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DOUGLAS P. MCCLINTOCK | : | Case No. 2016CA00045 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Canton Municipal
                                 Court, Case No. 2015-CVF-5577

JUDGMENT:                        Reversed and Remanded

DATE OF JUDGMENT:                September 12, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROELIFF E. HARPER                         DOUGLAS P. MCCLINTOCK, pro se
The Harper Law Office, LLC                9754 Brown Ave.
3 North Main Street, Suite 606            Greentown, Ohio 44685
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}   Defendant-appellant Douglas P. McClintock appeals from the February 3, 2016 Judgment Entry of the Canton Municipal Court granting appellee RBC, Inc.'s Motion for Summary Judgment and granting appellee judgment against appellant in the amount of $1,781.42 plus interest.

STATEMENT OF THE FACTS AND CASE

{¶2}   CMPM Radiology Services of Canton, Stark County Emergency Physicians, Inc. and Modernpath, Inc. assigned their claims against appellant Douglas P. McClintock to appellee RBC, Inc. On November 3, 2015, appellee filed a complaint against appellant, seeking a judgment against appellant in the amount of $1,781.42 plus interest. Appellant filed an answer to the complaint on December 14, 2015.

{¶3}   Appellee, on January 15, 2016, filed a Motion for Summary Judgment against appellant. The motion was supported by the affidavit of appellee's President. Appellee's President, in the affidavit, stated as follows:

{¶4}   Now comes RBC, Inc., through its agent, being first duly sworn, and states that the following facts are true:

{¶5}   1.   That Stark County Emergency Physicians, Inc. CMPM Radiology Services of Canton, and Modernpath, Inc., did provide medical services for Defendant, Douglas McClintock.

{¶6}   2.   That said services were necessary and costs were reasonable.

{¶7}   3.   In accordance with information received by Plaintiff, Defendant appears to be neither a minor nor incompetent.

**{¶8}** Appellant, on January 29, 2016, filed an Objection to/Motion to Strike the affidavit, arguing that the same was not based on the personal knowledge of the affiant and that the affiant was not competent to testify as to the matters stated in the affidavit. On the same date, appellant filed a memorandum in opposition to the Motion for Summary Judgment. Appellant, in his memorandum, argued that the motion must be denied because it "is not based upon evidence or stipulations cognizable in a summary judgment proceeding." Appellant argued again that the affidavit was not competent evidence.

**{¶9}** Pursuant to a Judgment Entry filed on February 3, 2016, the trial court granted appellee's Motion for Summary Judgment and granted appellee judgment against appellant in the amount of $1,781.42 plus interest.

**{¶10}** Appellant now raises the following assignments of error on appeal:

**{¶11}** I. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S OBJECTION TO/AND MOTION TO STRIKE APPELLEES' (SIC) AFFIDAVIT IN SUPPORT OF SUMMARY JUDGMENT.

**{¶12}** II. THE TRIAL COURT ERRED IN GRANTING APPELLEES' (SIC) MOTION FOR SUMMARY JUDGMENT.

I, II

**{¶13}** Appellant, in his first assignment of error, argues that the trial court erred in denying his Motion to Strike appellee's affidavit.[1] Appellant argues, in his second

---

[1] We note that the trial court did not expressly rule on appellant's Motion to Strike. "A motion not expressly decided by a trial court when the case is concluded is ordinarily presumed to have been overruled." *Kostelnik v. Helper,* 96 Ohio St.3d 1, 2002–Ohio– 2985, 770 N.E.2d 58, ¶ 13, citing *State ex rel. The V. Cos. v. Marshall,* 81 Ohio St.3d 467, 469, 1998–Ohio–329, 692 N.E.2d 198.

assignment of error, that the trial court erred in granting appellee's Motion for Summary Judgment.

**{¶14}** Both of appellant's assignments of error relate to appellee's Motion for Summary Judgment.

**{¶15}** Civil Rule 56(C) states, in pertinent part, as follows:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶16}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.,* 67 Ohio St.2d 427, 424 N.E.2d 311

(1981). When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E.2d 1243.

**{¶17}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt,* 75 Ohio St.3d 280, 1996–Ohio–107, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle,* 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist.1991).

**{¶18}** In the case sub judice, appellee supported its Motion for Summary Judgment with the affidavit of its President. Appellant now argues that the trial court should have stricken such affidavit because it was not made on personal knowledge.

**{¶19}** Civ.R. 56(E), which sets forth the requirements for affidavits submitted on summary judgment, provides, in relevant part, as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts

of papers referred to in an affidavit shall be attached to or served with the affidavit.

**{¶20}** In *Wachovia Bank v. Jackson,* 5th Dist. Stark No.2010–CA–00291, 2011–Ohio–3203, this Court cited *Lasalle Bank Nat'l. Assoc. v. Street,* 5th Dist. Licking No. 08CA60, 2009–Ohio–1855:

> Ohio courts have defined 'personal knowledge' as 'knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said.' *Zeedyk v. Agricultural Soc. of Defiance County,* Defiance App. No. 4–04–08, 2004–Ohio–6187, at paragraph 16, quoting *Bonacorsi v. Wheeling & Lake Erie Railway Co.* (2002), 95 Ohio St.3d 314, 320, 767 N.E.2d; Black's Law Dictionary (7th Ed. Rev.1999) 875. Affidavits, which merely set forth legal conclusions or opinions without stating supporting facts, are insufficient to meet the requirements of Civ.R. 56(E). *Tolson v. Triangle Real Estate,* Franklin App. No. 03AP–715, 2004–Ohio–2640, paragraph 12. However, self-serving affidavits may be offered relative to a disputed fact, rather than a conclusion of law. *CitiMortgage, Inc. v. Ferguson,* Fairfield App. No.2006CA00051, 2008–Ohio–556, paragraph 29. Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit. See *Bush v. Dictaphone Corp.,* Franklin App. No. 00AP1117, 2003–Ohio–883, paragraph 73, citing *Beneficial Mortgage Co. v. Grover* (June 2, 1983), Seneca App. No. 13–82–41. *Lasalle* at paragraphs 21–22.

'Personal knowledge' has been defined as knowledge of factual truth which does not depend on outside information or hearsay." * * * Further, "An affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E). See *Bank One, N.A. v. Swartz,* 9th Dist. No. 03CA008308, 2004–Ohio–1986, paragraph 14. A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id." Id.* at para 26 and 27 (Citations omitted).

**{¶21}** Upon our review of the affidavit that appellee submitted in support of its Motion for Summary Judgment, we find that it does not comply with Civ. R. 56(E). The affidavit fails to establish the affiant's personal knowledge and fails to affirmatively show the affiant is competent to testify to those matters. Because the affidavit did not comply with Civ. R. 56(E), we find the trial court should have granted appellant's Motion to Strike.

**{¶22}** Appellant's first assignment of error is, therefore, sustained.

**{¶23}** As is stated above, appellant also argues that the trial court erred in granting appellee's Motion for Summary Judgment. Because the motion was supported by the affidavit of appellee's President, based on our disposition of appellant's first assignment of error, appellant's second assignment of error is sustained.

{¶24} Accordingly, the judgment of the Canton Municipal Court is reversed and this matter is remanded for further proceedings.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.