[Cite as *Truist Bank v. Eichenberger*, 2023-Ohio-779.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Truist Bank, successor by merger
to SunTrust Bank dba LightStream,    :

                                     :

          Plaintiff-Appellee,        :        No. 22AP-334
                                              (C.P.C. No. 20CV-4409)
                                     :
v.
                                     :        (REGULAR CALENDAR)

Raymond L. Eichenberger,             :

          Defendant-Appellant.       :

                                     :

---

D E C I S I O N

Rendered on March 14, 2023

---

**On brief:** *Raymond L. Eichenberger*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} In 2018, defendant-appellant, Raymond L. Eichenberger, obtained a consumer loan from SunTrust Bank. He agreed to repay that loan (with interest) by making 48 monthly payments. But, according to plaintiff-appellee, Truist Bank, Mr. Eichenberger only made 7 payments under the consumer loan agreement (a fact that Mr. Eichenberger does not dispute). Under the terms of the written loan agreement Mr. Eichenberger signed, he was in default by July 2019.

{¶ 2} Later that year, SunTrust Bank merged with BB&T Corporation ("BB&T"), and the resulting company was renamed "Truist Bank." Truist Bank initiated a breach of contract action against Mr. Eichenberger in the Franklin County Court of Common Pleas. Mr. Eichenberger answered without presenting any evidence disputing the alleged failure

to make payments under the consumer loan agreement and raised two counterclaims: breach of contract and breach of fiduciary duty. The trial court rejected those arguments when it granted summary judgment in favor of Truist Bank and against Mr. Eichenberger on both Truist Bank's breach of contract claim and Mr. Eichenberger's counterclaims.

{¶ 3} We agree and affirm that judgment and the trial court's contemporaneous judgment denying Mr. Eichenberger's motion to strike.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 4} Mr. Eichenberger obtained a consumer loan from SunTrust Bank dba LightStream ("SunTrust") and signed a written loan agreement on August 31, 2018 (the "Agreement"). The Agreement included the loan amount of $23,500.00, a finance charge of $6,671.84, and the total payments—if paid as scheduled—of $30,171.84. Pursuant to that Agreement, Mr. Eichenberger's payments were to begin October 15, 2018, and last for 48 months at a rate of $628.58 per month.

{¶ 5} In addition to these terms of his loan, the Agreement also states that, by signing, Mr. Eichenberger "agree[d] to pay SunTrust Bank d/b/a LightStream * * * ***and its successors*** and assigns ('Lender', 'we', 'us' or 'our') * * * the principal sum of $23,500.00 with interest each day on all unpaid principal from the date of Funding * * * until paid in full at an annual percentage rate of 12.84%." (Emphasis added.) (Compl., Ex. A at 1.) Further, the Agreement repeatedly describes the rights and obligations of the lender—at the time, SunTrust—as being held by "we, our assignees or **successors**." (Emphasis added.) (*See generally id.*) Finally, the Agreement states that SunTrust and its "**successors** and assigns may assign this Agreement to another party." (Emphasis added.) (*Id.* at 7.)

{¶ 6} Mr. Eichenberger has never disputed the existence of this written Agreement or denied signing it.

{¶ 7} Between October 25, 2018 and May 14, 2019, Mr. Eichenberger made seven payments of $628.58, the monthly rate set forth in the Agreement. Mr. Eichenberger has never claimed that he made additional payments on the loan after May 14, 2019. Under the Agreement, failure to make a payment on the loan within 30 days after the payment is due constitutes an "event of default." (Compl., Ex. A at 2.)

{¶ 8} In December 2019, SunTrust merged with BB&T and adopted the name "Truist Bank," as described in the Articles of Merger appended to Truist Bank's complaint and summary judgment motion. In light of the merger and under the Agreement, Truist Bank—as successor by merger to SunTrust—became the first-party creditor to Mr. Eichenberger's delinquent debt.

{¶ 9} In a letter dated April 2, 2020, a debt collection attorney notified Mr. Eichenberger that Truist Bank, as successor by merger to SunTrust, had referred Mr. Eichenberger's delinquent debt of $21,094.73 to his office for collection. Mr. Eichenberger was advised in that letter he could "avoid future collection attempts by paying [his] account in full or setting up a payment arrangement" with the debt collection firm. (Reply in Support of Summ. Jgmt. Mot., Ex. E.) Those pre-litigation debt collection efforts were not successful.

{¶ 10} On July 8, 2020, Truist Bank filed a complaint alleging breach of contract against Mr. Eichenberger. In the caption and the first paragraph of the complaint, Truist Bank designated itself as the "successor by merger to SunTrust Bank dba LightStream." A copy of the Agreement and documents establishing Truist Bank as successor by merger to SunTrust were attached to the complaint as exhibit A. Truist Bank alleged in the complaint that Mr. Eichenberger owed $21,094.73 plus costs and interest at the rate of 12.84 percent per annum from September 12, 2019. The outstanding balance sheet was attached to the complaint as exhibit B.

{¶ 11} On October 20, 2020, Mr. Eichenberger filed an answer, admitting he had "signed a written agreement with Sun Trust [sic] Bank for a loan," but denying that Truist Bank was "a rightful successor to that Sun Trust [sic]." Mr. Eichenberger also denied that he was in default and owed the sum claimed. In addition, Mr. Eichenberger asserted lack of standing and Truist Bank's failure to notify him "that it intended to file suit on the alleged account" as defenses to the breach of contract claim. With his answer, Mr. Eichenberger asserted breach of contract and breach of fiduciary duty as counterclaims against Truist Bank.

{¶ 12} During pretrial proceedings, Mr. Eichenberger twice moved to continue the scheduled trial date. Each time, the trial court granted those motions.[1] As a result of Mr. Eichenberger's second requested continuance, trial was scheduled to commence February 28, 2022 and dispositive motions were due November 10, 2021. Neither party filed a dispositive motion by that date.

{¶ 13} On February 17, 2022, Truist Bank moved for an extension of time to file its dispositive motion. The next day, the trial court granted that motion, authorized an extension of time until March 18, 2022, vacated the February 28, 2022 trial date, and rescheduled trial for August 8, 2022. Mr. Eichenberger did not object to that order on or before March 18, 2022, when the new dispositive motion deadline expired.

{¶ 14} On March 10, 2022, Truist Bank moved for summary judgment on both its complaint and Mr. Eichenberger's counterclaims. Several exhibits were attached to that motion. On March 16, 2022, Truist Bank filed a second summary judgment motion. The contents of that motion are identical to the previously filed summary judgment motion, with the exception of the ordering of the supporting exhibits.

{¶ 15} The supporting exhibits included the following:

Exhibit A:    The Agreement between Mr. Eichenberger and SunTrust.

Exhibit B:    A letter dated December 7, 2019 from Ellen M. Fitzsimmons of Truist Financial Corporation and Truist Bank to "our Clients and Counterparties" containing the logos of BB&T and SunTrust in the letterhead. This letter describes a summary of the transactions associated with the merger of SunTrust and BB&T, as well as the renaming of the remaining entities following the merger.

Exhibit C:    Undated correspondence from LightStream to Mr. Eichenberger regarding the August 31, 2018

---

[1] In his May 2021 motion, Mr. Eichenberger requested the July 2021 trial date be continued to early 2022; the trial court ordered that trial be continued until December 6, 2021. In his October 2021 motion, Mr. Eichenberger requested that trial be continued until April 2022; the trial court instead selected February 28, 2022 as the new trial date in the case.

> loan agreement and the due date for his monthly payments under that Agreement.
>
> Exhibit D:     The outstanding balance sheet for Mr. Eichenberger's loan.

{¶ 16} Mr. Eichenberger replied to Truist Bank's summary judgment motion on April 8, 2022. In his memorandum contra, Mr. Eichenberger argued: (1) Truist Bank failed to prove that Mr. Eichenberger owed money to Truist Bank under the Agreement; and (2) Truist Bank violated notification and communication requirements imposed by federal and/or Ohio law. Mr. Eichenberger's own affidavit was the only document he produced as evidence in support of his arguments against Truist Bank's summary judgment motion.

{¶ 17} Also on April 8, 2022, Mr. Eichenberger filed a motion to strike both of Truist Bank's summary judgment motions. In support of his motion, Mr. Eichenberger argued the trial court's decision to grant Truist Bank's motion for an extension of time to file a dispositive motion was generally unfair and violated Civ.R. 56.

{¶ 18} On May 12, 2022, the trial court issued a decision denying Mr. Eichenberger's motion to strike and granting Truist Bank's summary judgment motion on Truist Bank's breach of contract claim and Mr. Eichenberger's breach of contract and breach of fiduciary duty counterclaims. The trial court found Truist Bank was entitled to a judgment of $21,094.73 plus interest at the rate of 12.84 percent per annum from September 12, 2019.

{¶ 19} Mr. Eichenberger timely appealed and asserts the following five assignments of error for our review:

> [I.] THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY PERMITTING THE PLAINTIFF TO FILE A MOTION FOR SUMMARY JUDGMENT OUT OF RULE AND IN VIOLATION OF THE DUE PROCESS RIGHTS OF THE DEFENDANT.
>
> [II.] THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO CONSTRUE THE FACTS TO THE BENEFIT OF THE NON[-]MOVING DEFENDANT, AND BY ACCEPTING AN AFFIDAVIT FROM THE TRUIST BANK EMPLOYEE AS TO THE BALANCE OF THE ACCOUNT AND OTHER FACT[S] IN

THE CASE WHICH WAS NOT BASED ON PERSONAL KNOWLEDGE.

[III.] THE TRIAL JUDGE IN THIS CASE ERRED AS A MATTER OF LAW AND ABUSED HIS DISCRETION BY FINDING THAT THE COUNTERCLAIM OF THE DEFENDANT DID NOT STATE A VALID CAUSE OF ACTION AS PLEAD [sic].

[IV.] THE TRIAL JUDGE ERRED AS A MATTER OF LAW AND ABUSED HIS DISCRETION BY HOLDING THAT THE ACTIONS OF THE PLAINTIFF AND ITS PREDECESSOR WERE, AS A MAT[T]ER OF LAW, NOT TANTAMOUNT TO A VIOLATION OF STATE AND FEDERAL CONSUMER PROTECTIONS LAW.

[V.] THE TRIAL JUDGE ERRED AS A MATTER OF LAW AND ABUSED HIS DISCRETION BY HOLDING THAT THE PLAINTIFF BANK AND ITS PREDECESSOR DID NOT HAVE A DUTY TO NOTIFY THE DEFENDANT BEFORE IT FILED A COLLECTION CASE AGAINST THE DEFENDANT OVER THE ALLEGED LOAN BALANCES IN QUESTION.

## II. LEGAL ANALYSIS

### A. First Assignment of Error

{¶ 20} In his first assignment of error, Mr. Eichenberger alleges the trial court erred as a matter of law and abused its discretion by allowing Truist Bank to file its summary judgment motion "out of rule and in violation of [his] due process rights." We disagree.

#### 1. The trial court did not err as a matter of law or abuse its discretion by allowing Truist Bank to file its summary judgment motion after the case had been set for trial and the dispositive motion date.

{¶ 21} Mr. Eichenberger argues the trial court erred as a matter of law in granting Truist Bank's motion for an extension of time because: (1) the action had been set for trial; and (2) Truist Bank's request was made shortly before the trial date. Mr. Eichenberger contends that, under Civ.R. 56(A), summary judgment motions are to be filed before a case has been set for pre-trial or trial. Franklin County Court of Common Pleas Loc.R. 53.01 limits the application of Civ.R. 56(A), however, because it preemptively grants leave "in all civil cases to file summary judgment motions between the time of filing and the dispositive motion date, unless the Trial Judge decides otherwise by setting a different date." *See*, *e.g.*,

*Am. Std. Ins. Co. v. Sealey*, 10th Dist. No. 03AP-1210, 2004-Ohio-4308, ¶ 7. In this case, though, Truist Bank moved for an extension of time to file its summary judgment motion after the dispositive motion deadline had passed. Thus, Civ.R. 6(B) instead guides our analysis of this assignment of error.

{¶ 22} Trial courts have inherent power to manage their own dockets and the progress of the proceedings before them. *See, e.g., Canady v. Rekau & Rekau, Inc.*, 10th Dist. No. 09AP-32, 2009-Ohio-4974, ¶ 16. Civ.R. 6(B) allows for an extension of time for a required or permitted act, within the trial court's discretion. *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 10. Civ.R. 6(B) provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Civ.R. 50(B), Civ.R. 59(B), Civ.R. 59(D), and Civ.R. 60(B), except to the extent and under the conditions stated in them.

{¶ 23} Under Civ.R. 6(B), a trial court is prohibited from extending the time for a party to take certain enumerated actions. But, filing a Civ.R. 56 summary judgment motion is not one of them. And, nothing in Civ.R. 56 limits a trial court's ability to extend the time a party can file a summary judgment motion—even if the extension request is made after the dispositive motion date has passed. Accordingly, we find the trial court did not err, as a matter of law, when it granted Truist Bank's motion for an extension of time to file its summary judgment motion.

{¶ 24} Mr. Eichenberger also argues the trial court abused its discretion when it granted Truist Bank's motion for an extension of time. " 'The decision whether to grant a motion for extension of time lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion.' " *McDougald v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-285, 2017-Ohio-8378, ¶ 19, quoting *Anderson v. Eyman*, 180 Ohio App.3d 794, 2009-Ohio-102, ¶ 24 (5th Dist.), citing *Miller v. Lint*, 62 Ohio St.2d 209

(1980). The phrase "abuse of discretion connotes that the court's attitude is unreasonable, arbitrary, or unconscionable." (Internal quotations omitted.) *State v. Weaver*, ____ Ohio St.3d ____, 2022-Ohio-4371, ¶ 24, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 60, quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). An abuse of discretion involves more than a difference in opinion. *Id.* at ¶ 24.

{¶ 25} Mr. Eichenberger makes no arguments under this standard of review. Nor does he offer any legal authority in support of his assertion the trial court abused its discretion by granting Truist Bank's motion for an extension of time. Consequently, we may disregard it. *See* App.R. 12(A)(2). *See also* App.R. 16(A)(7) (requiring an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies"). But, even if this issue was properly before us, we would reject it.

{¶ 26} In its motion for an extension of time, Truist Bank represented that it needed additional time to file its dispositive motion "[d]ue to press of business and the difficulty of COVID restrictions." Truist Bank noted this was its first requested extension and that its motion was not made for purposes of harassment or delay. In its entry, the trial court stated it was granting Truist Bank's motion "for good cause shown."

{¶ 27} On appeal, Mr. Eichenberger disputes the candor and sincerity of those representations. He does not, however, demonstrate (or even argue) the trial court's ruling was unreasonable, arbitrary, or capricious. The record shows the trial court was justified in granting leave: trial had twice been continued at Mr. Eichenberger's request; this was Truist Bank's first request for any extension of time; and Mr. Eichenberger neither wanted nor intended that trial go forward on February 28, 2022.[2] Further, we find the trial court reasonably relied on the representations Truist Bank made in its motion when the court granted the requested extension of time.

---

[2] *See* Mr. Eichenberger's Motion for Continuance, filed October 14, 2021 (requesting the December 6, 2021 trial date be reset "in April of 2022 or thereafter"); Exhibit D-1 to Truist Bank's Reply in Support of its Motion for Summary Judgment, filed April 15, 2022 (a copy of a letter from Mr. Eichenberger to opposing counsel stating that there would be no trial on February 28, 2022 because he would file for bankruptcy prior to trial).

{¶ 28} We therefore find the trial court did not act unreasonably, arbitrarily, or unconscionably when it extended the dispositive motion deadline and allowed Truist Bank to file its summary judgment motion. Nor did it violate Mr. Eichenberger's constitutional rights by allowing Truist Bank to file its summary judgment motion after the dispositive motion deadline.

{¶ 29} In his statement of the first assignment of error, Mr. Eichenberger also alleges the trial court violated his due process rights by granting Truist Bank's motion for an extension of time to file its summary judgment motion. Mr. Eichenberger further contends (although not included in his statement of the first assignment of error) that "summary judgment" as a procedural mechanism violates his constitutional right to a jury. For both constitutional claims, Mr. Eichenberger simply states that his constitutional rights were violated. He offers no arguments or authority in support of those assertions. Thus, under App.R. 12(A)(2) and 16(A)(7), we may disregard them. Even if we considered Mr. Eichenberger's constitutional arguments, we would reject them.

{¶ 30} Applying its discretion under Civ.R. 6(B), the trial court granted Truist Bank's motion for leave to file its summary judgment motion after the dispositive deadline passed. Since the trial court granted Truist Bank's motion just ten days before the February 28, 2022 trial date, the trial court vacated that trial date and rescheduled trial for August 8, 2022. In so doing, the trial court provided Mr. Eichenberger sufficient time to respond to the summary judgment motion (which he did on April 8, 2022). A litigant is not denied due process when the opposing party is afforded additional time to file a dispositive motion, so long as they receive appropriate time to respond. *See, e.g.*, *Green Tree Servicing LLC v. Graul*, 10th Dist. No. 15AP-761, 2016-Ohio-4641, ¶ 11.

{¶ 31} "Because summary judgment is a procedural device to terminate litigation, it must be awarded with caution." *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 (1993). At the same time, summary judgment is expressly permitted by Civ.R. 56. A litigant is not denied due process or the right to a jury trial when a judgment is properly entered against him in accordance with Civ.R. 56. " '[T]he right to a jury trial is only enforceable where there are factual issues to be tried, and the proper entry of summary judgment does not violate an individual's right to a jury trial.' " *State v. West*, 2d Dist. No. 2021-CA-17,

2022-Ohio-2060, ¶ 34, quoting *Natl. Collegiate Student Loan Trust 2005-3 v. Dunlap*, 4th Dist. No. 17CA3611, 2018-Ohio-2701, ¶ 48, citing *Conley v. Shearer*, 64 Ohio St.3d 284, 292 (1992). *See also Houk v. Ross*, 34 Ohio St.2d 77, 83-84 (1973).

{¶ 32} Accordingly, Mr. Eichenberger's first assignment of error is overruled.

**B. Second and Third Assignments of Error**

{¶ 33} The trial court granted Truist Bank's summary judgment motion on both its breach of contract claim against Mr. Eichenberger and Mr. Eichenberger's breach of contract and breach of fiduciary duty counterclaims. Mr. Eichenberger challenges that ruling in his second and third assignments of error. Accordingly, we will address them together.

**1. Summary Judgment Standard**

{¶ 34} Under Civ.R. 56(C), summary judgment is appropriate if the trial court finds that the moving party demonstrated: " '(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is a[d]verse to the party against whom the motion for summary judgment is made.' " *Drummond v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 21AP-327, 2022-Ohio-1096, ¶ 10, quoting *Capella III, L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16.

{¶ 35} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).

{¶ 36} If the moving party has satisfied its initial burden under Civ.R. 56(C), then the non-moving party " 'has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.' " *Heimberger v. Zeal Hotel Group Ltd.*, 10th Dist. No. 15AP-99, 2015-Ohio-3845, ¶ 14, quoting *Dresher* at 293. The non-moving party may not rest on the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows the existence of a genuine dispute over the material facts. *A.M. v. Miami Univ.*,

10th Dist. No. 17AP-156, 2017-Ohio-8586, ¶ 30, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991). In the summary judgment context, a "material" fact is one that might affect the outcome of the case under the applicable substantive law. *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993). A genuine dispute exists if the evidence presents a sufficient disagreement between the parties' positions. *Id.*

{¶ 37} Appellate review of summary judgment is de novo. *Gabriel v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 14AP-870, 2015-Ohio-2661, ¶ 12, citing *Byrd v. Arbors E. Subacute & Rehab. Ctr.*, 10th Dist. No. 14AP-232, 2014-Ohio-3935, ¶ 5. "When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination." *Gabriel* at ¶ 12, citing *Byrd* at ¶ 5.

## 2. Analysis

{¶ 38} To prevail on a summary judgment motion for breach of contract, a plaintiff must prove that no genuine issue of material fact exists as to the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff. *See, e.g., Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, ¶ 18 (10th Dist.). Truist Bank supported its summary judgment motion with several exhibits, including the Agreement, documents establishing Truist Bank as the successor by merger to SunTrust, an outstanding balance sheet, and an affidavit of Truist Bank's Vice President, Godfrey Bacon.

{¶ 39} Mr. Eichenberger did not dispute the existence of the Agreement. Nor did he deny receiving the loan amount referenced in the Agreement (performance by the plaintiff). Mr. Eichenberger offered no evidence—in his affidavit or otherwise—to refute the documents produced by Truist Bank establishing its status as successor by merger to the Agreement. Mr. Eichenberger produced no evidence rebutting Truist Bank's claim that he made only 7 of the 48 payments required under the Agreement (i.e., that Mr. Eichenberger breached the Agreement). Mr. Eichenberger also did not offer any evidence disproving the amount Truist Bank claimed was owed under the Agreement (damage or loss to the plaintiff).

{¶ 40} Mr. Eichenberger did not produce any evidence establishing the existence of a genuine dispute of material fact regarding Truist Bank's breach of contract claim or his counterclaims. On appeal, Mr. Eichenberger likewise does not contest any material facts relating to any elements of Truist Bank's breach of contract claim against him. Instead, he contends in his second assignment of error the trial court erred as a matter of law and abused its discretion when, in granting Truist Bank's summary judgment motion on its breach of contract claim, it: (1) inappropriately accepted the affidavit of Godfrey Bacon, Truist Bank's Vice President, as evidence establishing relevant facts, including the balance of Mr. Eichenberger's delinquent debt; and (2) failed to construe the facts contained in Mr. Eichenberger's own affidavit to his benefit. In his third assignment of error, Mr. Eichenberger argues it was an error as a matter of law and an abuse of discretion for the trial court to find that Mr. Eichenberger's counterclaim did not state a valid cause of action as pled.

### a. Affidavit of Truist Bank's Vice President, Godfrey Bacon

{¶ 41} Mr. Eichenberger contends the affidavit of the Truist Bank employee offered in support of Truist Bank's summary judgment motion was not based on the affiant's personal knowledge. Thus, Mr. Eichenberger argues the trial court erred "by accepting an affidavit from the Truist Bank employee as to the balance of the account and other fact[s] in the case." We disagree.

{¶ 42} Civ.R. 56(E) sets forth the requirements for affidavits submitted on summary judgment and provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

{¶ 43} Ohio courts have defined "personal knowledge" as " 'knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said.' " *See, e.g., RBC, Inc. v. McClintock*, 5th Dist. No. 2016CA00045, 2016-Ohio-5800, ¶ 20, quoting *Zeedyk v. Agricultural Soc. of Defiance*

*Cty.*, 3d Dist. No. 4-04-08, 2004-Ohio-6187, ¶ 16; *U.S. Bank Trust Natl. Assn. v. Williams*, 10th Dist. No. 21AP-576, 2022-Ohio-4590, ¶ 34. Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit. *See Bush v. Dictaphone Corp.*, 10th Dist. No. 00AP-1117, 2003-Ohio-883, ¶ 73. A mere assertion of personal knowledge can satisfy Civ.R. 56(E) if the nature of the facts in the affidavit, combined with the identity of the affiant, creates a reasonable inference that the affiant has personal knowledge of the facts set forth in the affidavit. *See, e.g., Home S & L Co. v. Eichenberger*, 10th Dist. No. 12AP-1, 2012-Ohio-5662, ¶ 18.

{¶ 44} We find that Mr. Bacon's affidavit complies with Civ.R. 56(E). Mr. Bacon stated in his affidavit that, as Vice President of Truist Bank, he was "personally familiar" with Truist Bank's business records relating to Mr. Eichenberger and had "personal knowledge" of the matter. Mr. Bacon also averred that he had "gathered all financial records concerning this case," and he had "researched and [was] personally familiar" with the case. The nature of the facts stated in Mr. Bacon's affidavit—combined with his position and duties at Truist Bank and the records establishing Truist Bank as the successor by merger to SunTrust—create a reasonable inference that Mr. Bacon had personal knowledge of the facts contained in his affidavit. Thus, we find his affidavit was sufficient to establish personal knowledge of the matters relevant to this case, including the precise amount of Mr. Eichenberger's delinquent balance, Mr. Eichenberger's payment history, and the historical background of the merger (SunTrust into BB&T) and the name of the successor corporation (Truist Bank). As such, we find the trial court did not err as a matter of law or abuse its discretion when it accepted Mr. Bacon's affidavit in ruling on Truist Bank's summary judgment motion.

### b. Mr. Eichenberger's Affidavit

{¶ 45} Mr. Eichenberger also contends the trial court erred because it failed to construe the statements contained in his affidavit—the sole evidence Mr. Eichenberger offered against Truist Bank's summary judgment motion—to his benefit.

{¶ 46} We agree that, when reviewing summary judgment motions, trial courts must be careful to resolve doubts and construe all reasonable inferences that can be drawn from the evidentiary materials in the light most favorable to the non-moving party. *See Ames v.*

*Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-119, 2014-Ohio-4774, ¶ 22. " 'Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion.' " *Vossman v. AirNet Sys.*, 10th Dist. No. 12AP-971, 2013-Ohio-4675, ¶ 13, quoting *Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998). At the same time, it is well-established that self-serving affidavits generally cannot defeat a summary judgment motion without corroboration by outside evidence. *Kean v. Cincinnati Ins. Co.*, 10th Dist. No. 20AP-177, 2021-Ohio-490, ¶ 17, quoting *Bell v. Beightler*, 10th Dist. No. 02AP-569, 2003-Ohio-88, ¶ 33 (" 'Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit.' ").

**{¶ 47}** Here, Mr. Eichenberger's affidavit was inadequate, not because it was "unsupported and self-serving," but because it was insufficient to create a genuine issue of material fact regarding Truist Bank's breach of contract claim against him. Mr. Eichenberger's affidavit did not refute the allegations and factual material Truist Bank offered in support of its motion for summary judgment on its breach of contract claim. As such, we find the trial court did not err as a matter of law or abuse its discretion when it found that self-serving and uncorroborated assertions made in Mr. Eichenberger's affidavit did not create a genuine issue of material fact.

**{¶ 48}** Instead of refuting Truist Bank's allegations, Mr. Eichenberger argued against summary judgment in his memorandum contra and supporting affidavit by claiming that Truist Bank violated federal and/or Ohio law. In support, Mr. Eichenberger relied largely on *Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627, 2016-Ohio-3444, a Supreme Court of Ohio case discussing the legal obligations imposed by the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq., and the Ohio Consumer Sales Practices Act ("OCSPA"), R.C. 1345.01 et seq., on third-party creditors seeking judgment against consumers for delinquent debt. The FDCPA and the OCSPA, however, have no bearing on our analysis of this case.

### c. Allegations Under the FDCPA and the OCSPA

**{¶ 49}** In opposing Truist Bank's summary judgment motion, Mr. Eichenberger argued in his memorandum contra that, under *Taylor*, Truist Bank's alleged violations of

the FDCPA and/or OCSPA barred the bank's recovery under a breach of contract claim and supported his own breach of contract claim against Truist Bank.[3] He makes those same arguments in his second assignment of error. In his third assignment of error, Mr. Eichenberger also contends the trial court erred as a matter of law and abused its discretion by finding that his breach of contract counterclaim did not state, as pled, a valid cause of action against Truist Bank. None of Mr. Eichenberger's arguments regarding alleged violations of the FDCPA and OCSPA are well-taken, for two reasons. First, he failed to raise the alleged FDCPA and OCSPA violations in the manner required by the Ohio Rules of Civil Procedure. Second, even if he had, we find the record does not support the application of either the FDCPA or the OCSPA in this case.

{¶ 50} All of Mr. Eichenberger's arguments regarding alleged FDCPA and OCSPA violations are grounded in the mistaken legal premise that Ohio law allowed him to assert counterclaims and/or affirmative defenses (here, violations of the FDCPA and OCSPA) for the first time in a memorandum opposing a summary judgment motion. That premise is flawed because it ignores the clear procedures set forth in the Ohio Rules of Civil Procedure for asserting claims and affirmative defenses.

{¶ 51} To properly assert a claim (or counterclaim) against a party in a civil action, Civ.R. 8(A) requires "a short and plain statement of the claim showing that the party is entitled to relief." Notice pleading under Civ.R. 8(A) and (E) requires that a claim concisely set forth only those operative facts sufficient to give fair notice of the nature of the action. *Ford v. Brooks*, 10th Dist. No. 11AP-664, 2012-Ohio-943, ¶ 13. Nevertheless, to constitute fair notice, the complaint (or counterclaim) must allege sufficient underlying facts that relate to and support the alleged claim; it may not simply state legal conclusions. *See Montgomery v. Ohio State Univ.*, 10th Dist. No. 11AP-1024, 2012-Ohio-5489, ¶ 20.

---

[3] Mr. Eichenberger also alleged breach of fiduciary duty in his counterclaim against Truist Bank. But, as noted by the trial court's May 12, 2022 decision, Mr. Eichenberger made no arguments relating to that counterclaim in his memorandum opposing summary judgment. On appeal, Mr. Eichenberger likewise makes no argument regarding the trial court's decision to grant summary judgment on his breach of fiduciary duty counterclaim. The Supreme Court has held that, under App.R. 12(A), " '[e]rrors not treated in the brief will be regarded as having been abandoned by the party who gave them birth.' " *Hawley v. Ritley*, 35 Ohio St.3d 157, 159 (1988), quoting *Uncapher v. Baltimore & Ohio Rd. Co.*, 127 Ohio St. 351, 356 (1933). Accordingly, because Mr. Eichenberger has abandoned his breach of fiduciary duty counterclaim, we decline to address any arguments relating to it. *See, e.g., State v. Nigro*, 5th Dist. No. 2021CA00084, 2022-Ohio-2864, ¶ 30.

{¶ 52} Civ.R. 8(C) governs the pleading of affirmative defenses and states in pertinent part, "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * any * * * matter constituting an avoidance or affirmative defense." To preserve an affirmative defense, a party must assert it in at least one of the following ways: (1) by motion before pleading pursuant to Civ.R. 12(B); (2) affirmatively in a responsive pleading pursuant to Civ.R. 8(C); or (3) by amendment made under Civ.R. 15. *Marok v. Ohio State Univ.*, 10th Dist. No. 07AP-921, 2008-Ohio-3170, ¶ 11, citing *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55 (1974). Failure to utilize any of these three methods for raising an affirmative defense waives a party's right to subsequently raise that defense. *See id.* Affirmative defenses cannot be asserted for the first time in a memorandum opposing a summary judgment motion. *See Marok* at ¶ 11, citing *Carmen v. Link*, 119 Ohio App.3d 244, 250 (3d Dist.1997) (noting "affirmative defenses also cannot be asserted for the first time in a motion for summary judgment").

{¶ 53} Mr. Eichenberger failed to allege any FDCPA and/or OCSPA violations in the manner contemplated by these rules. No express reference is made to the FDCPA or the OCSPA in his answer or counterclaim. The conclusory statements in his counterclaim—"unlawful attempt to collect" and "unlawful collection measures"—do not comport with the rules as described above.

{¶ 54} Even if Mr. Eichenberger had alleged FDCPA and OCSPA violations in accordance with the Ohio Rules of Civil Procedure, we find the record below does not support the application of either law in this case.

{¶ 55} The FDCPA " 'imposes civil liability only upon "debt collectors" as defined by the Act.' " *Helton v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-899, 2016-Ohio-1232, ¶ 79, quoting *Games v. Cavazos*, 737 F.Supp. 1368, 1382 (D.C.Del.1990). Under the FDCPA, " 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). First-party creditors engaged in their own debt collection are excluded from liability under the FDCPA. *See Taylor*, 2016-Ohio-3444 at ¶ 11.

{¶ 56} Mr. Eichenberger never claimed in his pleadings or presented any evidence in the trial court showing Truist Bank (or its counsel) qualified as "debt collectors" subject to the FDCPA. *See* 15 U.S.C. 1692a(6). Notwithstanding Mr. Eichenberger's failure to plead this essential element of an FDCPA offense in his answer or counterclaim, the record does not support the finding that Truist Bank was acting as a "debt collector" in this case. Truist Bank brought the breach of contract claim against Mr. Eichenberger in its capacity as the successor by merger to the Agreement—i.e., the first-party creditor to Mr. Eichenberger's delinquent debt. We thus reject all of Mr. Eichenberger's arguments that are predicated on the erroneous premise that Truist Bank is a third-party creditor subject to liability under the FDCPA.

{¶ 57} In evaluating Mr. Eichenberger's alleged OCSPA claims, we reach a similar conclusion. The OCSPA also provides protections for consumer debtors against debt collectors and their attorneys. *Taylor* at ¶ 12. A violation of the OCSPA occurs when, in connection with a "consumer transaction," the supplier commits: (1) an "unfair or deceptive act or practice" under R.C. 1345.02(A); or (2) an "unconscionable act or practice" under R.C. 1345.03(A). A "consumer transaction" subject to the OCSPA is "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." R.C. 1345.01(A).

{¶ 58} Transactions between financial institutions and their customers are generally exempted from the definition of a "consumer transaction" subject to liability under the OCSPA. *See* R.C. 1345.01(A); R.C. 5725.01(A); *Taylor* at ¶ 96-102, discussing *Reagans v. Mountainhigh Coachworks, Inc.*, 117 Ohio St.3d 22, 2008-Ohio-271, ¶ 33. Specifically, the OCSPA provides that a " '[c]onsumer transaction' does not include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code [short-term loans] and transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers." R.C. 1345.01(A).

{¶ 59} Here, Mr. Eichenberger did not allege in his pleadings or present any evidence in the trial court showing that Truist Bank does not qualify as a "financial institution" exempted from liability under the OCSPA. *See* R.C. 1345.01(A); R.C. 5725.01(A); *Taylor* at ¶ 96-102. Mr. Eichenberger thus failed to allege or present any evidence of a "consumer transaction" on which an OCSPA violation could be based. *See* R.C. 1345.01(A). As a result, we reject Mr. Eichenberger's arguments that are grounded in the flawed premise that Truist Bank is subject to liability under the OCSPA.

{¶ 60} Based on the foregoing, summary judgment in favor of Truist Bank was proper. Mr. Eichenberger produced no evidence showing that a genuine dispute over the material facts existed as to Truist Bank's breach of contract claim or his counterclaims. Moreover, because Mr. Eichenberger failed to properly allege—much less establish—the essential elements of his breach of contract and breach of fiduciary duty counterclaims, Truist Bank was entitled to summary judgment. *See Lundeen v. Graff*, 10th Dist. No. 15AP-32, 2015-Ohio-4462, ¶ 12. We thus find no error in the trial court's determination that Mr. Eichenberger failed to allege in the required pleadings the operative facts necessary to properly assert FDCPA and OCSPA violations as counterclaims and/or affirmative defenses. Accordingly, we overrule Mr. Eichenberger's second and third assignments of error.

### C. Fourth and Fifth Assignments of Error

{¶ 61} The arguments Mr. Eichenberger makes in his fourth and fifth assignments of error are also based on the flawed premise that Truist Bank is subject to liability under the FDCPA and/or the OCSPA in this case. This premise is vital to Mr. Eichenberger's arguments, as his breach of contract counterclaim is based not on the express terms of the Agreement but, rather, his contention that the FDCPA and OCSPA are incorporated into the Agreement and therefore control. Accordingly, we will address both assignments of error together.

{¶ 62} We have determined that Truist Bank was not subject to liability under the FDCPA and/or the OCSPA in this case. The issues Mr. Eichenberger presents in his fourth and fifth assignments of error are thus rendered moot by our resolution of the second and third assignments of error. *See State v. Gideon*, 165 Ohio St.3d 142, 2020-Ohio-5635, ¶ 26

("Put differently, an assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court."). Accordingly, we need not address them. *See* App.R. 12(A)(1)(c); *Ridge-Pleasant Valley, Inc. v. Navin*, 8th Dist. No. 109777, 2022-Ohio-130, ¶ 32 (overruling appellant's assignments of error challenging trial court's rejection of appellant's rule-noncompliant motions and granting of summary judgment, and then finding remaining assignments of error moot).

{¶ 63} In any event, Mr. Eichenberger's briefing on the fourth and fifth assignments of error is procedurally defective under App.R. 12 and 16(A)(7). App.R. 16(A)(7) requires an appellant to include in their brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." An appellate court may rely on App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" by the appellant. *See State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998), citing *Hawley v. Ritley*, 35 Ohio St.3d 157, 159 (1988). "It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error." *Bond v. Village of Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16, citing *Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 20.

{¶ 64} Although he cites to *Taylor*, the FDCPA, and the OCSPA—none of which apply here—as support for his fourth and fifth assignments of error, Mr. Eichenberger offers no explanation of how they relate to the conclusory statements he makes in either. He thus fails to provide any cognizable argument in support of his fourth and fifth assignments of error. Accordingly, we find that Mr. Eichenberger has failed to comply with App.R.16(A)(7) because he fails to present "reasons in support of the contentions" and because of his "lack of briefing" on his fourth and fifth assignments of error. *See Watson* at 321-22; *Hawley* at 159.

{¶ 65} Further, in his fifth assignment of error, Mr. Eichenberger also fails to "identify in the record the error on which the assignment of error is based." *See* App.R. 12(A)(2). Mr. Eichenberger's contentions in support of this assignment of error are

ultimately a list of his general grievances about the conduct of Truist Bank. Because he does not specifically identify any prejudicial error by the trial court in his fifth assignment of error, we find Mr. Eichenberger's brief also fails to comply with App.R. 12(A)(2). *See, e.g.*, *Columbus v. ACM Vision, V, L.L.C.*, 10th Dist. No. 20AP-79, 2021-Ohio-925, ¶ 12.

{¶ 66} For the foregoing reasons, Mr. Eichenberger's fourth and fifth assignments of error are moot based on our resolution of his second and third assignments of error, and are overruled based on App.R. 12(A).

## III. CONCLUSION

{¶ 67} Having overruled all of Mr. Eichenberger's five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas denying Mr. Eichenberger's motion to strike and granting summary judgment in Truist Bank's favor.

*Judgment affirmed.*

LUPER SCHUSTER and BOGGS, JJ., concur.

―――――――――